## KASEMAN et al. v. MAPEL

[No. 2507, Jan. 31, 1921.]

### SYLLABUS BY THE COURT.

A money judgment does not carry with it a lien against the real estate of a judgment debtor, and operates as a lien only after a transcript of the judgment docket provided for by section 3079, Code 1915, is filed for record with the county clerk.

Appeal from District Court, McKinley County; Hickey, Judge.

Suit by George A. Kaseman and another against Frank B. Maple. Judgment for plaintiffs, and defendant appeals. Affirmed.

A. T. Hannett, of Gallup, for appellant.

Miller & Craig, of Albuquerque, and Herbert C. Denny, of Gallup, for appellees.

### OPINION OF THE COURT.

BRICE, District Judge. This is a suit brought by the appellees (plaintiff below) against the appellants (defendants below) on a promissory note made by defendants, Charles Mapel and wife, and transferred to plaintiff Kaseman by J. A. Miller, the original payee, secured by a deed of trust on certain property in McKinley county; and to foreclose such deed of trust, in which the plaintiff Craig was named trustee. The defendant Frank B. Maple answered claiming a superior title in him to the property covered by the deed of trust, by virtue of a certain sheriff's deed, based upon a sale under an execution issued out of a cause in which defendants below, Charles Mapel and wife, were judgment debtors. The district court entered a decree

foreclosing the deed of trust and holding appellee's rights thereunder superior to appellant's claim of title under the sheriff's deed, from which appellant appeals.

The deed of trust mentioned was executed and acknowledged October 27, 1914, and recorded October 28, 1914.

The C. C. Manning Company recovered judgment against defendants, Charles E. Mapel and Lula Mapel for $1,079.84, on May 20, 1914. An execution was issued and levied on the land in question on June 28, 1918, and a sale was duly made to appellant followed by the execution and delivery to him of the sheriff's deed under which he claims title. No transcript of the docket of such judgment was filed for record or recorded in the office of the county clerk as provided for by sections 3079 and 3080 of the Code of 1915.

Appelant advances two propositions:

1. That the judgment upon which his execution title was based "was a first and prior lien" on the property.

2. That the county clerk failed to keep the book for recording transcripts of judgment dockets provided for by section 3080 of the Code of 1915, by reason of which such transcript could not be recorded; that plaintiff had knowledge of such judgment when he took the deed of trust; that such judgment was a lien on the real estate of the judgment debtor from the date of the entry "in the judgment book by the clerk of the district court."

Neither proposition advanced can be accepted as the law. At common law this judgment would not have been a lien on said real estate and can only operate as a lien by virtue of some statute.

Appellant relies for authority to support his proposition on sections 3079 and 3080 of the New Mexico Code of 1915, which are as follows:

"Sec. 3079. Any money judgment rendered in the Supreme or district court shall be docketed by the clerk of the court

in a book kept for the purpose, and shall be a lien on the real estate of the judgment debtor from the date of the filing of a transcript of the docket of such judgment in such book in the office of the county clerk of the county in which such real estate is situated."

"Sec. 3080. The county clerk shall record said transcript in a book kept for the purpose in his office, which book shall be in form like the aforesaid books to be kept by the clerks of the supreme and district courts, with additional columns to show the dates of filing and recording."

It will be seen that a lien exists from the date of filing transcript in the office of the county clerk, and not from the date of recording such transcript. Had such transcript been filed as the law directs, a lien would have resulted whether such transcript was recorded or not. It is the duty of the county clerk to keep a book in which to record such transcripts, but his failure to keep or provide such book would not have deprived the judgment creditor of his lien had he complied with the plain intent of the law, and this he failed to do. At the time the deed of trust was executed and delivered, the land was not incumbered by a judgment lien in favor of appellant.

There being no error, the case is affirmed, and it is so ordered.

ROBERTS, C. J., and RAYNOLDS, J., concur.