13 P.(2d) 421

**BREECE v. GREGG et al.**

No. 3631.

Supreme Court of New Mexico.

June 24, 1932.

Rehearing Denied July 30, 1932.

George A. Shipley, of Alamogordo, for appellant.

Holt & Holt, of Las Cruces, for appellees.

HUDSPETH, J.

Appellant brought suit to restrain the sale of a tract of land situated in Otero county advertised to be sold under an execution issued out of the district court of Otero county August 17, 1929, on a judgment rendered on the 26th day of August, 1924, in cause No. 2330 on the civil docket of that court in favor of J. J. Dale, receiver of the First State Bank of Alamogordo, plaintiff, and against P. W. Hickson, defendant, which judgment was assigned, before the issuance of the execution, to the defendant, J. J. Gregg. A temporary injunction was issued restraining the sale. The trial was had after the issues were made by the answer and reply, and a final decree rendered in favor of the defendants dissolving the temporary injunction, from which an appeal with supersedeas has been perfected.

Cause No. 2330 was a suit by the receiver of the insolvent bank against stockholders, including Hickson, on the statutory stockholders' liability, Laws 1923, c. 149, § 8, Comp. St. 1929, § 13-141, and a default judgment was entered against Hickson. It appears that one Gregg, an officer and director of the bank, a short time before the bank closed, traded seventy shares of the capital stock of the bank to Hickson for the land involved in this suit, and immediately after the failure of the bank Hickson filed suit against Gregg to rescind, which suit was numbered 2304. This suit was pending in the same court at the time the judgment by default was taken against Hickson in cause No. 2330, and more than a year later a judgment was entered in

cause No. 2304 in favor of Hickson rescinding the contract on the ground of fraud and re-, storing the land to Hickson. In the meantime the receiver of the bank had sued out a writ of garnishment, and also was holding in his possession certain property of Hickson for the satisfaction of the judgment in cause No. 2330. After the rendition of the judgment in favor of Hickson in cause No. 2304, the court in cause No. 2330 found that the judgment in said cause should not have been rendered against Hickson, and ordered the receiver to turn over to Hickson the property held by him, and dismissed the writ of garnishment theretofore issued.

On February 6, 1929, P. W. Hickson and wife conveyed by warranty deed the land involved to the appellant, Breece, for a valuable consideration, which deed was duly recorded on the 11th day of April, 1929.

The judgment in cause No. 2330 against Hickson, for some reason not shown by the record, was not entered upon the judgment docket of the district court, although judgments against other defendants rendered in the same cause were entered upon the district court judgment docket. However, an abstract of the judgment against Hickson, which does not purport to be a transcript of the judgment docket, was filed in the office of the county clerk September 4, 1924.

The question to be determined is as to whether or not a judgment lien on the real estate of the judgment debtor, Hickson, was created by the filing of the abstract of judgment in the office of the county clerk. Laws 1891, c. 67, Comp. St. 1929, § 76-110 et seq., sections 1 and 2 of which act are as follows:

"Section 1. Any money judgment rendered in the Supreme or district court shall be docketed by the clerk of the court in a book kept for the purpose, and shall be a lien on the real estate of the judgment debtor from the date of the filing of a transcript of the docket of such judgment in such book in the office of the recorder of the county in which such real estate is situate.

"Sec. 2. The recorder of each county shall record said transcript in a book kept for the purpose in his office, which book shall be in form like the aforesaid books to be kept by the clerks of the Supreme and district courts, with additional columns to show the dates of filing and recording."

We held in Kaseman et al. v. Mapel, 26 N. M. 639, 195 P. 799, that a money judgment does not carry with it a lien against the real estate of the judgment debtor and operates as a lien only after a transcript of the judgment docket, as provided by the foregoing sections of the statute, is filed for record with the county clerk, and that personal knowledge of the existence of the judgment on the part of the purchaser of real estate from the judgment debtor is of no consequence. Hence the question is not one of the sufficiency of the notice, as argued by the appellee, but the sufficiency of the steps taken to create the lien.

The Legislature has provided that the clerks of the supreme and district courts shall keep judgment dockets, and has made the docketing of a judgment therein a necessary step in order to make a money judgment a lien on the judgment debtor's real estate; the other step being the filing in the county clerk's office of a transcript of the judgment docket. The lien attaches only where the requirements of the statute have been substantially complied with. Cannon v. First Nat. Bank of Amarillo, 35 N. M. 193, 291 P. 924; In re Boyd, 4 Sawy. 262, Fed. Cas. No. 1,746; Bell v. Davis, 75 Ind. 314; 34 C. J. pp. 90 and 576.

Mr. Justice Field, speaking for the circuit court in Re Boyd, supra, said: "This lien is the mere creature of the statute, and to its existence the provisions of the statute must be followed in all substantial particulars."

The filing of the abstract of the judgment in the office of the recorder without docketing the judgment, as provided by section 1 of the act above quoted, was not a substantial compliance with the provisions of the statute, and no lien was created thereby.

It follows that the decree of the lower court should be reversed, and the cause should be remanded, with directions to enter a decree making the injunction permanent; and it is so ordered.

PARKER and SADLER, JJ., concur.

BICKLEY, C. J., and WATSON, J., did not participate.