213 P.2d 216

**SCOTT v. UNITED STATES et al.**

No. 5227.

Supreme Court of New Mexico.

Dec. 22, 1949.

Fred S. Merriau, Raton, Daniel W. Caldwell, Springer, for appellant.

Everett M. Grantham, U. S. Atty., Albuquerque, Albert H. Clancy, Asst. U. S. Atty., Santa Fe, for appellees.

McGHEE, Justice.

The appellant filed an action in the court below for the purpose of quieting title to 80 acres of land in Colfax County. The appellee, United States of America, by its cross complaint claimed a lien against the land superior to the appellant's title by virtue of a judgment entered in the United States District Court for the District of New Mexico, on December 16, 1944, for the sum of $3,270.31, plus costs, against Jesse B. Cantrell and Roxie Cantrell, his wife, who were then the owners of the legal title to the land upon which appellant, a successor in title, sought to quiet title. The appellee also asked that its claimed lien be foreclosed and the land sold to satisfy or apply on its judgment.

The appellee pleaded that a transcript of the judgment was filed and duly recorded on the 23rd day of February, 1945, in the judgment docket records of the County Recorder of Colfax County, in accordance with the requirements of sections 812[1] and 813[2] of Title 28 U.S.C.A., and sections 13-211 and 19-906, New Mexico Statutes 1941 Annotated, and attached a copy of such transcript as an exhibit, reading as follows:

"Judgment Docket, United States District Court District of New Mexico Case Number 722 Civil Action Names of Parties, Judgment Debtor Jesse B. Cantrell and

1. 1948 Revised Judicial Code, 28 U.S.C.A. § 1962.

2. See Federal Rules of Civil Procedure, Rule 79, 28 U.S.C.A.

Roxie Cantrell, his wife, Judgment Creditor United States of America Attorneys for Creditor Howard F. Houk, Esquire, U. S. Attorney, Santa Fe, New Mexico. Date of Judgment Month Dec. Day 16 Year 1944 Date of Docketing Month Dec. Day 16 Year 1944 Damages Dollars 3270 Cents 31 Costs Dollars 39 Cents 30 Total Dollars 3309 Cents 61 Execution issued 1/24/45

"I, Wm. D. Bryars, Clerk of the United States District Court, District of New Mexico, do hereby certify that the foregoing is a true transcript of the docket of a judgment of said Court, now of record in my office.

"Witness my hand and seal of said Court this 14th day of February 1945. Wm. D. Bryars Clerk (Seal) (Reverse) No. 722 Civil Action United States District Court District of New Mexico Jesse B. Cantrell and Roxie Cantrell, his wife, vs. United States of America Transcript of Judgment Docket

"State of New Mexico, County of Colfax * * * ss

"This instrument was filed for record on this 23rd day of February, 1945 A.D. at 10:00 o'clock A.M., and duly recorded in Book 2 of Judgments page 119 Margaret E. Heck County Clerk By Loyce C. Craig Deputy"

The appellant answered the cross complaint and admitted that he had acquired the land from Cantrell and wife but denied that the appellee had a valid lien on the land; and he thereupon filed a motion for a summary judgment in his favor on the ground that the judgment was not transcribed, docketed or recorded in the office of the County Clerk of Colfax County as required by the provisions of Section 13-211, 1941 Statutes. This motion was denied by the trial court, and as it disposed of the issues in the case this appeal followed.

The essence of the appellant's claim is that while a lien may be established on a state court judgment by filing a transcript of the district court judgment docket in the office of the county clerk where land is situated, that to secure a lien on a federal judgment a certified copy of the judgment itself must be filed and recorded with the county clerk.

The applicable federal statute is Section 812, Judicial Code, 28 U.S.C.A., which reads as follows: "Judgments and decrees rendered in a district court of the United States within any State, shall be liens on property throughout such State in the same manner and to the same extent and under the same conditions only as if such judgments and decrees had been rendered by a court of general jurisdiction of such State. Whenever the laws of any State require a judgment or decree of a State court to be registered, recorded, docketed, indexed, or any other thing to be done, in a particular

manner, or in a certain office or county, or parish in the State of Louisiana before a lien shall attach, this section and section 813 of this chapter shall be applicable therein whenever and only whenever the laws of such State shall authorize the judgments and decrees of the United States courts to be registered, recorded, docketed, indexed, or otherwise conformed to the rules and requirements relating to the judgments and decrees of the courts of the State."

The state statutes applicable to the creation of a lien for a money judgment rendered in the supreme or district courts of the state are Sections 19-906, 19-907 and 19-908 of the 1941 Statutes, Annotated, and read as follows:

"19-906. Any money judgment rendered in the Supreme or district court shall be docketed by the clerk of the court in a book kept for the purpose, and shall be a lien on the real estate of the judgment debtor from the date of the filing of a transcript of the docket of such judgment in such book in the office of the county clerk of the county in which such real estate is situate."

"19-907. The county clerk shall record said transcript in a book kept for the purpose in his office, which book shall be in form like the aforesaid books to be kept by the clerks of the Supreme and district courts, with additional columns to show the dates of filing and recording."

"19-908. The books to be kept by the clerks of the Supreme and district courts shall show the names of the parties, the number and nature of the case, the court in which judgment was rendered, the date of judgment, amount of damages, amount of costs, total amount of judgment, date of docket, attorney for creditor, issuance and return of executions if any, and satisfaction of judgment when paid."

By Ch. 123, Laws of 1923, provision was made for filing a transcript of a judgment rendered in the United States District Court of New Mexico in the offices of the county clerks of New Mexico. This statute now appears as Sec. 13-211, 1941 Statutes Annotated, and reads as follows: "A transcript of any money judgment obtained in the United States district court for the district of New Mexico, may be filed in the office of the county clerk of any county, wherein the judgment debtor or debtors have property, and when so filed and entered in the judgment lien record of said county shall be a lien against the real estate of such judgment debtor or debtors within said county from the date of such filing and entry in such judgment lien record."

Until the passage of the 1923 Act, supra, a money judgment docketed in the judgment docket in the office of the Clerk of the United States District Court for New Mexico was a lien upon all of the real estate of the judgment debtor in this state,

with the result that many people purchased real estate in reliance on the county records only to find it encumbered by a valid lien of a federal court judgment of which they had no knowledge and of which there was no record in the office of the county clerk. It was to meet this situation that the legislature took advantage of the provisions of the Act of Congress, supra, and enacted Ch. 123, Laws of 1923.

It is unfortunate that the author of the 1923 Act did not use more care in drawing it, for this court had held in Kaseman et al. v. Mapel, 26 N.M. 639, 195 P. 799, in an opinion filed on January 31, 1921, that a money judgment did not carry with it a lien against the real estate of a judgment debtor, and operate as a lien until after a transcript of the judgment docket provided for by section 3079, Code 1915, now 19-906, 1941 Stats., was filed for record with the county clerk. Had the Act provided for the filing of a transcript of the judgment docket instead of a transcript of the federal judgment, the same procedure would have been provided by the literal terms of the statutes for acquiring a lien in the state and federal courts.

The holding of this court in Kaseman v. Mapel, supra, has been followed in Breece v. Gregg et al., 36 N.M. 246, 13 P.2d 421, and Pugh v. Heating & Plumbing Finance Corporation, 49 N.M. 234, 161 P.2d 714.

The appellant asserts that a transcript is a copy of the original instrument, and that in effect what was filed by the appellee in Colfax County is an abstract of the judgment and cites authorities in support of this contention. See 42 Words and Phrases, Perm.Ed., page 288.

Under section 812, Judicial Code, supra, the Clerk of the United States District Court was required to have a judgment docket and docket the money judgments therein in exactly the manner as the clerk of this court and district courts of the state dockets them, but until the effective date of the 1923 Act it was not required to file anything in connection with a federal court judgment in the office of a county clerk in order to create a judgment lien on real estate. To follow the argument of the appellant and give the 1923 statute a literal construction the clerk of the United States Court would have to maintain his judgment docket and make the required entries therein, but he would send a certified copy of the judgment itself for filing in the office of the county clerk, and this official in turn would have to record it in a record which it would not fit. See Sec. 19-907, supra.

We are committed to the doctrine that statutes should be construed in the most beneficial way of which their language is susceptible to prevent absurdity, hardships or injustice, to favor public convenience, and to oppose all prejudice to public interests, and although imperfect in form, they should be sustained by the courts if they can be construed to give them sens-

ible effect. Cox v. City of Albuquerque, 53 N.M. 334, 207 P.2d 1017; State v. Southern Pacific Co., 34 N.M. 306, 281 P. 29; and Elkins v. Lallier, 38 N.M. 316, 32 P.2d 759.

It is clear to us that when the legislature provided that a transcript of the judgment rendered by the United States District Court should be filed in the office of a county clerk to be by him recorded in the judgment docket of his office that it meant a transcript of the judgment docket. Any other construction would make the 1923 Act a nullity, for the legislature could provide that the state procedure for obtaining a lien must be followed, but if it provided another method it would run afoul of the federal act. In fact to follow the appellant's argument would place us in the same situation that existed prior to the effective date of the 1923 Act and the appellee would still have its lien. A state may not require more of a creditor holding a federal judgment than one who holds a state court judgment. Lineker v. Dillon et al., D. C., 275 F. 460, and Rhea v. Smith, 274 U.S. 434, 47 S.Ct. 698, 71 L.Ed. 1139.

The action of the trial court in denying the motion of the appellant for a summary judgment was correct, and is affirmed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER and COMPTON, JJ., concur.