State, ex rel. Spelts, v. Rowe.

---

STATE, EX REL. ALVIN SPELTS, APPELLANT, V. RONALD F. ROWE ET AL., APPELLEES.

FILED MARCH 28, 1922. · No. 22050.

1. **Taxation:** TAX LAWS. A tax law is a legislative enactment which defines the measure of every man's duty in support of the public burdens, and a tax thus imposed is not founded on contract, and does not establish the relation of debtor and creditor between the taxpayer and the state, and may be repealed or amended by a subsequent legislature.

2. ——: ——: EXEMPTIONS. The Constitution only limits a legislative body in the matter of property. And where a part of the taxable property within the state is not being taxed, in whole or in part, there is no pledge or agreement, expressed or implied, that the laws shall not be repealed or amended by a subsequent legislature to meet the conditions which exempt the property from taxation and the placing of it on the tax list.

3. **Constitutional Law:** TAXATION: MORTGAGED LAND. Before the amendment of sections 6350 and 6351, Rev. St. 1913, by the legislature of 1919 (Laws 1919, ch. 138), a landowner mortgaged his land to a federal land bank company, there being no provision in the mortgage that the mortgagor would pay the tax thereon, and the mortgage being exempt from taxation under a federal law, *held,* that the owner of the real estate was not, in 1920, entitled to have his interest in the land, for the purpose of taxation, fixed and determined by deducting from the assessed value the unpaid part of the mortgage, and that, in the determination of his interest in the land for taxation purposes, the federal mortgage should not be deducted from the value of the land. *Held,* further, that the act of the legislature of 1919 (Laws 1919, ch. 138), amending sections 6350 and 6351, Rev. St. 1913, relating to taxes, does not impair the obligation of a contract or destroy a vested right.

4. · **Mandamus:** TAXATION. Record examined, and *held* not to entitle the relator to the relief demanded.

APPEAL from the district court for Sherman county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*J. S. Pedler,* for appellant.

*Lamont L. Stephens, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and FLANSBURG, JJ., DICKSON and STAUFFER, District Judges.

DICKSON, District Judge.

This is an appeal from the district court for Sherman county denying the appellant, relator below, a writ of mandamus against appellees, respondents below. There is no disputed question of fact. A brief statement only is necessary to an understanding of the questions involved.

The appellant is the owner of a farm, mortgaged on the 8th day of March, 1919, to the Lincoln Joint Stock Land Bank of Lincoln, Nebraska, for $16,000, upon which he had paid, when the action was begun, the sum of $162.40, leaving a mortgagee's interest of $15,837.60. The mortgage does not contain a tax clause or any agreement on the part of the mortgagee to ·pay the taxes levied and assessed against the interest of the mortgagee in the real estate. In the year 1920 the real estate was valued and assessed for taxation purposes in the sum of $16,250. Appellant alleges that the appellees, the county clerk and county assessor, although demanded, have at all times failed and refused to assess and tax the interest of the mortgagee at $15,837.60, or any other amount, and have, at all times, failed and refused to assess his interest in said real estate at the sum of $412.40, and have, at all times, refused to assess and tax said interest separately, or to assess and tax his interest separately. The appellant sought by mandamus to compel the respondents to so assess said real estate, and from a judgment denying the writ, the relator appeals to this court.

The question presented by the record is whether or not appellant should be taxed on the basis of $16,250 or $412.40, which he claims is his taxable interest in the land.

It is conceded that the interest of the mortgagee, $15,-837.50, cannot be taxed to the mortgagee. If appellant's contention be right, then taxes can only be assessed and taxed on this land on the basis of $412.40, and the remaining interest, represented by the mortgagee's interest, will escape taxation. When appellant mortgaged his land the statute (Rev. St. 1913, sec. 6350) provided:

"The amount and value of any mortgage upon real estate in this state shall be assessed and taxed to the mortgagee or his assigns, and the taxes levied thereon shall be a lien on the mortgage interest; and the excess in value of the real estate above the mortgage or mortgages thereon shall be assessed and taxed to the mortgagor or owner of the premises and be a lien on the owner's interest."

Section 6351 provided: "When it is provided and agreed in any mortgage that the mortgagor shall and will pay the tax levied upon the mortgage or the debt secured thereby, such assessor or county clerk shall not enter the mortgage for separate assessment and taxation, but both interests shall be assessed and taxed to the mortgagor or owner of the property mortgaged."

These provisions of our statute had been in force since 1911, and so remained until 1919, when, by legislative act (Laws 1919, ch. 138) section 6350 was amended, and that part of the section providing for the assessment and taxation of the mortgagee's interest was amended. By the amendment it was provided:

"The amount and value of any mortgage upon real estate in this state *when taxable to the mortgagee* shall be assessed and taxed to the mortgagee or his assigns, and the taxes levied thereon shall be a lien on the mortgage interest."

Section 6351 was amended to conform with section 6350 as amended, and by the amendment it is provided:

"The value of the real estate in excess of any mortgage *taxable to* and taxed to *the mortgagee* shall be assessed and taxed to the mortgagor or owner."

The exemption from taxation of the federal land bank

mortgages necessitated the amendment of the law of 1911. Under the provisions of that law a mortgage was, by legislative enactment, declared to be an interest in real estate for the purpose of assessment and taxation, and was taxable to the mortgagee, unless the mortgagor and mortgagee agreed and the mortgage provided that the mortgagor should pay the taxes on the mortgage. In the absence of such an agreement, the mortgagor or owner's interest, only, in the real estate above the mortgage indebtedness could be assessed and taxed to him. The result was, in many instances, that the lands of those who made federal loans were escaping taxation to the extent of the federal mortgages. To remedy this condition, the law was amended in 1919, so that only such mortgages as were taxable to the mortgagee could be assessed and taxed to the mortgagee, and the value of the real estate in excess of any mortgage taxable to and taxed to the mortgagee could be assessed and taxed to the mortgagor or owner. By these amendments the owner of real estate incumbered by federal loans were prevented from deducting the amount unpaid from the assessed value of the real estate, thereby placing the federal borrowing landowner and the borrower from private sources, who contracted to pay the interest on the mortgage, on an equal and uniform taxation basis. If we are to be governed, as contended by the relator, by the law in force in 1911, then this contention must be sustained and his interest determined, assessed and taxed as provided by section 6350; that is, by deducting from the assessed value the unpaid part of the mortgage, leaving the relator's taxable interest in this case $412.50. But if, on the contrary, we are to be governed by the law as amended in 1919, then the respondents are right, and the judgment of the district court should be affirmed.

It is evident that the legislature intended this amended act to apply to all cases like the one presented by the relator. His case presents this taxation spectacle: A farm valued for taxation purposes at $16,250 to be taxed

on a valuation of $412.50. The taxpayers of the state, county, school district, and other municipal subdivisions appealed to the legislature to, by legislative act, place the lands of all borrowers on the same basis, thereby subjecting the relator's property, as well as all others similarly situated, to the payment of its just share of state, county, and other municipal tax. Such a method of taxation would seem to be just and equitable, as well as in compliance with the law as amended, and should, for these reasons, be upheld, unless to enforce the amended statute would be to impair the obligation of a contract, or destroy a vested property right, and this presents for consideration the only legal question in the case.

Does the act of 1919 impair the obligation of a contract or destroy a vested right? In passing upon this question, let us keep in mind that this court has held: "The taxing power vested in the legislature is without limit except such as may be prescribed by the Constitution itself." *State v. Board of County Commissioners*, 4 Neb. 537. And again: "The power of taxation is an attribute of sovereignty having its source in the necessities of organized society, and the limits of its exercise depending, in the absence of express limitations upon such power, upon the exigencies of the public." *Board of Directors of Alfalfa Irrigation District v. Collins*, 46 Neb. 411.

When the legislature of 1911 declared a mortgage on real estate to be an interest in real estate, and that the mortgaged interest should be taxed to the holder of the mortgage unless the mortgagor contracted to .pay the tax thereon, all mortgages were taxable. That legislature did not contract or agree that conditions would not change, and that, if conditions did change, and a federal law was enacted whereby federal loans were exempt from taxation, a subsequent legislature would not change the law, either by repeal or amendment, to meet the tax necessities of the state and its municipal subdivisions. There was no pledge or agreement, expressed or implied, that the tax-

ation system would not thereafter be changed at legislative will.

"Taxes are positive acts of government, through its various agents, binding upon the inhabitants, and to the making and enforcing of which their personal consent individually is not required. Taxes are not founded on contract, but owe their existence to the action of the legislature, and do not depend for validity upon individual assent, but operate *in invitum*. A tax law is a legislative enactment which defines the measure of every man's duty in support of the public burdens, and provides the means of enforcing it. A tax is not founded on contract, and does not establish the relation of debtor and creditor between the taxpayer and the state. It is not an obligation or debt based upon or arising out of an implied contract." 1 Desty, Taxation, p. 9.

The Constitution only limits a legislative body, in the matter of taxation of property, and where a part of the property within the state is not being taxed, in whole or in part, there is no pledge or agreement, expressed or implied, that the laws shall not be repealed or amended by a subsequent legislature to meet the conditions which exempted the property from taxation and the placing of it on the tax list. "A tax upon a new subject, or an increased tax upon an old one, does not impair the obligation of the contract." 1 Desty, Taxation, p. 140.

The legislature, by the act of 1911, said, so long as the law stands, the system of taxation therein provided for shall govern; and by no judicial construction could it be held to be a contract on the part of the legislature that the law should remain for all time as enacted. It was within the power of the legislature to increase or decrease the tax upon real estate within the state, and an increase was not in violation of the constitutional provisions prohibiting the impairing of the obligation of a contract. The act of 1911 was general in its effect, and was subject to repeal or amendment at legislative will. Its continuation was a matter of public policy only. No court has ever

held that the state, through its legislature, has not the
right to change its entire system of taxation, so long as
the changes made do not violate constitutional provisions.
Taxes not being founded on contract, and the relation of
debtor and creditor not existing between the taxpayer
and the state, it follows that a change of the system of
taxation would not be the impairment of a contract, nor
would it deprive the taxpayer of a vested right.

These principles have been sustained almost uniformly
when presented to the courts of our sister states. Wiscon-
sin enacted a law giving a bounty on salt and exempting
all property, real and personal, used for the purpose of
production and manufacture of salt from taxation for any
purpose. A subsequent legislature limited the bounty and
also limited the exemption from taxation to five years from
the organization of the company or corporation engaging
in the production of salt. Whereupon a controversy arose
between the salt company and the state, the salt company
alleging that the bounty and right of exemption from tax-
ation as provided by the original act became and was a
vested right, and that it impaired the validity of the con-
tract. Justice Bradley, in writing the opinion, says:
"Such a law is not a contract except to bestow the prom-
ised bounty upon those who earn it, so long as the law
remains unrepealed. There is no pledge that it shall not
be repealed at any time. Its continuance is a matter of
public policy." *Salt Co. v. East Saginaw*, 13 Wall. (U. S.)
373, affirming *East Saginaw Mfg. Co. v. City of East
Saginaw*, 19 Mich. 259.

Iowa, by legislative enactment, provided that, for every
acre of forest trees planted and cultivated for timber
within the state, the sum of $100 an acre should be exempt
from taxation upon the owner's assessment for 10 years.
A subsequent legislature amended the law, providing that
the amount to be deducted should not exceed one-half of
the value of the realty upon which such exemption was
claimed. The owner of the land contended that the amend-
ment could have no application to his lands, because, when

he accepted the terms of the original statute and complied with its requirements, his right to exemption from taxation to the extent of $100 an acre for 10 years became complete and vested, and that it was in the nature of a contract entered into between him and the state, and the legislature had no power to impair the obligation of the contract, and the removal of the exemption was in violation of the Constitution of the United States. The supreme court of Iowa found against the contentions of the landowner. *Shiner v. Jacobs,* 62 Ia. 392.

The following cases support or follow the rule announced by the supreme court of the United States and the supreme court of Iowa: *State v. Great N. R. Co.,* 106 Minn. 303; *Hay v. Hill,* 65 Cal. 383; *Common Council of Detroit v. Board of Assessors,* 91 Mich. 78. The authorities sustain the conclusions of the court and a further consideration is unnecessary.

The judgment of the district court was right, and is

AFFIRMED.