No. 13,939.

DOWD ET AL. *v.* LABOR FINANCE CORPORATION.
(69 P. [2d] 305)

Decided May 3, 1937.

Mr. JAMES R. HOFFMAN, for plaintiffs in error.

Mr. LOUIS A. HELLERSTEIN, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THE defendant in error, plaintiff below, recovered judgment against the plaintiffs in error, defendants below, in the sum of $147.32 on a promissory note. The parties will be designated herein as they were in the trial court.

The note sued upon and the investment certificate accompanying it, designated in the record as plaintiff's Exhibits A and B, both of which were set up in the complaint, were in words and figures as follows to wit:

"$171.65                                                          No. 4902

The Labor Finance Corporation
203-4-5 Tabor Opera House Building
Denver, Colo., December 18, 1933.

"For value received, one year after date, we, the undersigned, promise to pay to the order of The Labor Finance Corporation One Hundred Seventy-one & 65/100 Dollars at its office in the City of Denver, Colorado, with interest at the rate of eight per cent per annum from maturity until paid.

"The makers, sureties, endorsers and guarantors of this note hereby severally waive demand, presentment for payment, notice of non-payment, protest, notice of protest, and consent that the time of payment may be extended without notice thereof, and that in case payment of said note shall not be made when demanded and the same is placed in the hands of an attorney for collection, we will pay an attorney's fee of ten per cent on the principal and interest then remaining unpaid.

"To secure the payment of the above note, we hereby deposit and pledge as collateral security Investment Certificate No. 4902 of this Corporation of the same amount as this note, together with the following collateral, to-wit: and we agree to give additional security within forty-eight hours after demand thereof by said Corporation, and should said security not be increased when so demanded or default be made in the payment of any installment of the Investment Certificate herewith pledged, then this note and all other debts, or obligations, of the

maker or makers to the holder hereof shall immediately become due and payable and the owner or holder of this note shall have full power and authority to sell, transfer or assign the aforesaid collateral at public or private sale, with or without notice, and the holder of said note may become the purchaser of any or all of said collateral at said sale, and we hereby authorize the holder of said note to assign or transfer any or all of the collateral deposited as security for this note.

"At or before the maturity of this note, the holder thereof shall have the right to use the money paid in on the Investment Certificate herewith pledged in discharge of said note, and said Certificate shall thereupon become the property of the holder of this note.

| Signatures | Address |
|---|---|
| Lawrence F. Dowd | 3401 Vine Street |
| M. J. McCarthy | 3528 Columbine Street |
| John F. Cassels | 1615 Gilpin Street.'' |

"Exhibit B . No. 4902

Investment Certificate

of

The Labor Finance Corporation

204-5 Tabor Opera House Building.

"This is to certify, That L. F. Dowd is the owner, subject to the terms hereof, of an Investment Certificate in the sum of One Hundred Seventy-one and 65/100 Dollars, of The Labor Finance Corporation.

"It is agreed that the owner will pay the sum of $7.15 on 2nd and 16th of each month for 11½ months, and $7.20 on—of each month for ½ months, beginning January 2, 1934, to The Labor Finance Corporation at its business office in Denver, Colo. When the amount of this Certificate shall have been paid in full, the owner of this Certificate shall be entitled to an interest return which shall be the difference between the gross interest on the loan made to him this date, for which this Certificate is collateral security and eleven per cent per annum calculated on unpaid balances; provided, however, that the installment

payments shall have been made, without default, twice each month as herein provided.

"Witness our hands and seals this 18th day of December, 1933.

The Labor Finance Corporation,

By A. E. Morr, Secretary.

"I hereby subscribe for the aforesaid Investment Certificate and agree to the terms thereof, and for value received I hereby sell, transfer and assign this Investment Certificate to The Labor Finance Corporation as security and collateral for loan of same amount this day made me by said Corporation, for which I have executed my promissory note, and agree that promissory note No. 4902 is considered an integral part of this agreement.

L. F. Dowd,

Holder."

Defendant Dowd, who was the borrower, actually received only $150 and had paid $51.10 on it when suit was started. Plaintiff admits charging $21.65 for making the loan.

To the complaint four defenses were urged: First. Denial of further indebtedness. Second. Violation of the 1913 Money Lenders' Act (i. e. c. 108, S. L. 1913). Third. Violation of chapter 93, S. L. 1917. Fourth. Unconscionable and usurious interest.

Demurrers were interposed to the second, third and fourth defenses, which demurrers were sustained, defendants electing to stand on their defenses as pleaded, and judgment was entered on the issue as determined by the complaint and the first defense. Error is assigned on the entering of the judgment in any amount and in sustaining the demurrers.

█ Upon careful consideration we are of the opinion that the facts and issues in this case are controlled by the case of *Waddell v. Traylor*, 99 Colo. 576, 64 P. (2d) 1273, and in accordance with that opinion it becomes necessary for us to modify the judgment in this case and remand the same with instructions to overrule the demurrer as

to the second defense, and allow recovery on the note in accordance with the provisions of chapter 108, S. L. 1913.

It is so ordered.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HILLIARD concur.