No. 14,241.

SIEBERS ET AL. *v.* DISQUE ET AL.
(76 P. [2d] 1108)

Decided February 7, 1938.

Mr. James R. Hoffman, for plaintiffs in error.

Mr. Louis A. Hellerstein, Mr. A. G. Gertz, for defendants in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

Action to recover three times the amount alleged to have been paid upon a loan in excess of that permitted by the 1913 Money Lenders Act (Chapter 108, S. L. 1913).

The trial court sustained a general demurrer filed by the defendants in error, defendants below, and plaintiffs electing to stand on their complaint, judgment of dismissal was entered against them and they are here seeking a reversal of that judgment.

It appears that the parties had certain loan transactions, commencing in July, 1929, with several renewals of the indebtedness. The last note, made on August 1, 1932, was in the principal sum of $860, payable in installments of $22.50 a month.

Plaintiffs say in their complaint "that all payments

made by plaintiffs after March 10, 1936, were for excess interest over and above the amount allowed to be received by defendants under said statute," i. e. 1913 act.

Chapter 108, Session Laws 1913, was specifically repealed by the 1935 Legislature. S. L. 1935, p. 696, c. 157, §15.

■ While plaintiffs admit that the penalty payments were not made until after the repeal of the 1913 act, they rely upon section 4, chapter 159, '35 C. S. A. as saving their cause of action. This section reads as follows: "4. The repeal, revision, amendment or consolidation of any statute or part of a statute or section or part of a section of any statute, shall not have the effect to release, extinguish, alter, modify or change in whole or in part any penalty, forfeiture, or liability, either civil or criminal, *which shall have been incurred* under such statute, unless the repealing, revising, amending or consolidating act shall so expressly provide; and such statute or part of a statute or section or part of a section of a statute so repealed, amended or revised, shall be treated, and held as still remaining in force for the purpose of sustaining any and all proper actions, suits, proceedings and prosecutions, as well criminal as civil, for the enforcement of such penalty, forfeiture or liability, as well as for the purpose of sustaining any judgment, decree or order which can or may be rendered, entered or made in such actions, suits, proceedings or prosecutions imposing, inflicting or declaring such penalty, forfeiture or liability." (Italics are ours.)

The question we have to decide, therefore, is whether or not this last quoted section saved the plaintiffs' cause of action, or, to put the question another way, can they recover the penalty when payments, which gave rise to it, were not made until after the repealing statute had been passed?

Our answer is that the plaintiffs lost their right to recover treble damages with the repeal of the 1913 act.

In reaching this conclusion, it is only necessary for us to call attention to certain language in the 1913 act, and section 4, chapter 159, '35 C. S. A., supra. Section 7 of the 1913 act states specifically that treble damages shall be permitted only when excess interest shall have been paid or delivered. Plaintiffs here do not urge, in fact, they specifically admit, that the excess interest was not paid until in 1936. Section 4, chapter 159, '35 C. S. A., as noted above, provides that the penalty, forfeiture or liability *which shall have been incurred* under such statute shall not be extinguished, and we are of the opinion that the defendant's liability in the instant case clearly was not incurred while the 1913 act was in effect.

█ Plaintiffs' contention is that this action sounds in contract and that their contract right can not be taken from them by a repealing statute. In this, they are in error. The provision in the 1913 act for treble damages is in the nature of a bounty imposed by the statute in response to an offense sounding in tort. 25 C. J. 1183.

█ "Such a law is not a contract except to bestow the promised bounty upon those who earn it, so long as the law remains unrepealed. There is no pledge that it shall not be repealed at any time." *Salt Company v. East Saginaw,* 13 Wall. (U. S.) 373, 377, 20 L. Ed. 611; *State v. Rowe,* 108 Nebr. 232 at 238, 188 N. W. 107.

The parties herein did not, as between themselves, contract as to treble damages, and before the plaintiffs here were entitled to claim them it was incumbent upon them to bring themselves within the meaning of the saving statute, by showing that the payments which gave rise to their statutory right were made when that statute remained in full force and effect. This they failed to do. "Under that statute, the penalty, forfeiture or liability which is saved, is one not merely incurred according to the terms of the repealed statute, but must be one incurred prior to the time the repealing act takes effect." *Cobb v. International State Bank,* 67 Colo. 488, 493, 186 Pac. 529.

The trial court was right in holding that the penalty was not recoverable. But since the unlawful interest was no part of the penalty and the allegations of the complaint were sufficient to support an action therefor, the demurrer should have been overruled with permission to answer as to the other allegations.

The judgment, accordingly, is reversed and the cause remanded for further proceedings in harmony herewith.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE YOUNG concur.