No. 16,690.

SULLIVAN ET AL. *v.* SIEGAL.

(245 P. [2d] 860)

Decided May 12, 1952.   Rehearing denied June 23, 1952.

Mr. MAX D. MELVILLE, Mr. EDWARD E. PRINGLE, Mr. THOMAS L. FORD, for plaintiff in error.

Messrs. DAVIS & LUTZ, Messrs. CREAMER & CREAMER, for defendant in error.

Mr. LOUIS A. HELLERSTEIN, amicus curiae.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

THOMAS J. SULLIVAN and Marie E. Sullivan, plaintiffs in error, plaintiffs below, brought an action against S. I. Siegal, individually and doing business as Universal Investment Company, defendant in error, defendant below, to recover a judgment for $1,455.45 allegedly due them by reason of defendant collecting interest in excess of that allowable under the provisions of section 7, chapter 108, S.L. Colo. 1913.

Upon trial to the court, on motion of defendant the action was dismissed and judgment entered accordingly, to review which plaintiffs bring the cause here by writ of error.

It is alleged in the complaint that defendant is engaged in loaning money on security, and on December 1, 1949, plaintiffs borrowed and received from defendant the sum of $2,000.00, giving their note payable to defendant in the sum of $2,500.00, which note was payable at the rate of $80.00 or more per month until paid, with interest thereon at the rate of eight per cent per annum. As security for the payment of said note, plaintiffs gave, and defendant received, deeds of trust. The note was paid in full on April 25, 1950, and defendant demanded, and plaintiffs paid, as interest on the sum of $2,000.00 actually received by them, interest amounting to $579.08, which sum was $485.15 in excess of interest allowable under the provisions of chapter 108, S.L. Colo. 1913, which, it is alleged, is now, and at all times mentioned in the complaint was, in full force and effect.

It further is alleged that section 15, chapter 157, S.L. Colo. 1935, which purportedly repealed chapter 108, S.L. Colo. 1913, is invalid and unconstitutional with respect to loans on security in sums in excess of $300.00; that said section 15 violates the provisions of section 21, Article V of the Constitution of the State of Colorado.

Further it is alleged that under the provisions of section 7, chapter 108, S.L. Colo. 1913, plaintiff is entitled to recover three times the amount of the overcharge of interest from the person demanding and receiving the same, and that the action is brought within one year from the payment of the overcharge.

Defendant's motion to dismiss was upon the ground that the complaint fails to state a claim upon which relief can be granted.

The trial court granted defendant's motion to dismiss with prejudice and entered its findings, judgment and decree, the same being in part:

"Doth Find

"That Chapter 157 of the Session Laws of 1935 is entitled as follows:

" 'An Act relating to the making of loans or advancements of three hundred dollars or less; regulating the business of making such loans; providing for administration of this act and for penalties for the violation hereof and repealing all acts or parts of acts in conflict herewith.'

"Section 15 of said Chapter 157 reads as follows:

" 'Section 15. That Chapter 108 of the Session Laws of 1913, and Chapter 93 of the Session Laws of 1917, and all other acts and parts of acts in conflict herewith be and are hereby repealed.'

"The question before the Court is:

"Did the legislature by its action in passing Section 15 of Chapter 157 effectively repeal the 1913 law relating to loans, or was said section outside of and not germane to the title of the act?

"The Court further finds that after the passage of Chapter 157 Session Laws of 1935, the State Bank Commissioner heretofore charged under the 1913 law with the duty of regulating loan offices and enforcing the provisions of the 1913 law immediately ceased its functions and that no attempt to enforce said law has been made for a period of sixteen years.

"It is the opinion of the Court that Chapter 157 of the 1935 Session Laws is constitutional in all respects, including Section 15, that Section 15 is germane to and not outside of and is not repugnant to the general title of the act, and that the title of the act is broad enough to embrace the sub-sections, including Section 15.

"It is the opinion of the Court that the legislature intended to and did by its act repeal Chapter 108 of the Session Laws of 1913 and Chapter 93 of the Session Laws of 1917, and that it effectively did so, and could not have more clearly expressed its intention either in the title or in the body of the act.

"It is further the opinion of the Court that it is not the function of the courts to revive and to bring into being laws long since dead, particularly when all of the persons affected by the act, including all of those engaged in the business of making loans and all of the state officials charged with the regulation thereof, have acted on the enactment of the legislature and on the assumption that the legislature had effectively accomplished the purpose expressly found in the act.

"It is contended by the defendants herein that the failure of the compilers of the 1921 Compiled Laws or the 1935 Colorado Statutes Annotated to include the 1913 act likewise successfully repealed the 1913 act without reference to the Section 15 of Chapter 157 of the Session Laws of 1935. Because this was so strenuously contended the Court touches on the subject merely to state that we do not hold with that opinion, and that we do not believe that either the 1921 Compiled Laws or the 1935 Colorado Statutes Annotated were recodifications and reenactments of the laws contained therein.

"We do hold on other grounds that the 1935 act, properly known as 'The 1935 Money Lenders Act' is constitutional, and that the 1913 law was and is repealed.

"Accordingly, for the reasons above stated, it is the judgment and decree of the Court that the amended complaint be and it is hereby dismissed with prejudice."

As we view the specifications of points, two in number, they present but one question: Are the provisions of chapter 108, S.L. 1913, still in full force and effect so far as the same pertain to loans in excess of $300.00?

The title to the act, chapter 108, 1913 Session Laws of Colorado, reads: "An act to regulate the business of loaning money on security of any kind by persons, firms, and corporations other than national banks, or any banks or bankers operating under state charters or under state supervision, or building and loan associations."

Section 5 of said chapter 108 provides: "That no person shall charge or receive a greater rate of interest upon any loan or upon any unpaid balance after any partial payment on any loan made by him than two per centum per month on the actual amount of the loan, and this charge shall cover all expenses, demands, and services of every character, including notarial and recording fees and charges, except upon the foreclosure of the security. * * * "

Section 7 of the chapter is as follows: "Every person who, for any loan, or forebearance, shall have paid or delivered any greater sum or value than is above allowed to be received, may * * *, recover in an action in any court of competent jurisdiction against the person who shall have taken or received the same, * * * treble the amount of money so paid or value delivered above the rate aforesaid, together with the costs of the suit to be fixed by the court, provided such action shall be brought within one year after the date of such payment or delivery."

We note that chapter 108, S.L. Colo. 1913, was held to be constitutional in *Cavanaugh v. People,* 61 Colo. 292, 157 Pac. 200.

A statute was enacted in 1917 (S.L. '17, c. 93), having to do with loans not exceeding $500.00 in amount, and we note that this statute was held void in *Waddell v. Traylor,* 99 Colo. 576, 64 P. (2d) 1273. We also note that the legislature enacted a statute (c. 159, S.L. '19)

having for its general subject the regulation of loans of $300.00 or less and expressly repealed chapter 108, Session Laws of Colorado 1913. The 1919 act, supra, we note was held to be unconstitutional in *Gronert v. People,* 95 Colo. 508, 37 P. (2d) 396. The 1917 act, supra, did not expressly repeal chapter 108, S.L. Colo. 1913; however, by the provisions of section 20 of the 1919 act such an attempt was made. Both the 1917 act, supra, and the 1919 act, supra, having been held to be unconstitutional and therefore void, any attempt, either by express provision or by implication, to repeal chapter 108, S.L. Colo. 1913 failed. *Armstrong v. Mitten,* 95 Colo. 425, 37 P. (2d) 757.

In *Waddell v. Traylor, supra,* our court said: "After the date of the execution of the note this court, in the case of *Gronert v. People,* 95 Colo. 508, 37 P. (2d) 396, held the Money Lenders Act (Session Laws of 1919, c. 159, §§3781-3801, C.L. 1921) to be unconstitutional. The 1919 act in express terms repealed chapter 108, Session Laws of 1913, and chapter 93, Session Laws of 1917, supra. Defendants contend that the attempted repeal of these laws by the act of 1919, which act was held unconstitutional in the Gronert case, was ineffectual and that our opinion left the acts of 1913 and 1917 standing as the law of this state. *Plaintiff does not challenge the correctness of this contention. The two acts finally were repealed by chapter 157, Session Laws of 1935, which became effective before the complaint in this action was filed."* (Italics ours.)

As we construe the opinion in *Waddell v. Traylor, supra,* it was there held that the plaintiff might proceed under the provisions of chapter 108, 1913 Session Laws of Colorado.

We have examined the record in *Waddell v. Traylor, supra,* and it appears that the constitutionality of the 1935 act was not in issue. Under that decision, its constitutionality was not involved or even questioned; therefore, we conclude that chapter 108, Session Laws

of Colorado 1913, was, and remained, in full force and effect unless it has been repealed or amended by chapter 157, 1935 Session Laws of Colorado. The title to the 1935 act, supra, reads: "An act relating to the making of loans or advancements of three hundred dollars or less; regulating the business of making such loans; providing for administration of this act and for penalties for the violation hereof and repealing all acts or parts of acts in conflict herewith." In said act we find that section 15 thereof reads: "That chapter 108 of the Session Laws of 1913, and Chapter 93 of the Session Laws of 1917, and all other acts and parts of acts in conflict herewith be and are hereby repealed."

By reference to the title, as well as the provisions of chapter 108, supra, it clearly appears that the legislature was limiting the interest that might be charged on loans with security to a certain, definite maximum rate, and without reference whatever to the amount of the loan made by those authorized by the act to engage in the business of making loans. *It should be observed that the legislature in the title of chapter 157, Session Laws of 1935 limited its provisions to loans of $300.00 or less.* Nevertheless, by section 15 thereof, it attempted to repeal a chapter which regulated interest rates on loans with security in any amount. It is here contended that the repealing clause in said chapter 157 is much broader than the title of the act, and, therefore, that the same is unconstitutional as violative of section 21, Article V of the Colorado Constitution, which provides, "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title; but if any subject shall be embraced in any act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

Our court, in an early opinion, *In re Breene,* 14 Colo. 401, 24 Pac. 3, made the following observation with reference to section 21, Article V of the Constitution of the

State of Colorado: First, that it was mandatory; second, that it should be liberally and reasonably interpreted in order to avert evils against which it was aimed and at the same time avoid unnecessarily obstructing legislation; thirdly, that it embraces two mandates, one thereof forbidding the union in the same legislative bills of separate and distinct subjects, and the other requiring that the subject treated in the bill should be clearly expressed in the title. With reference to these three requirements it was said:

" * * * Each of these mandates is designed to obviate flagrant evils connected with the adoption of laws. The former prevents joining in the same act disconnected and incongruous matters. * * *

     *   *   *

" * * * The general assembly may, within reason, make the title of a bill as comprehensive as it chooses, and thus cover legislation relating to many minor but associated matters * * *.

"But the legislature may, on the other hand, undoubtedly contract the scope of a title to the narrowest limits. When, however, in the exercise of this discretion, it sees fit to thus restrict the title, care must be taken not to transcend in the body of the bill, the limit thus voluntarily fixed. * * * If the title of a bill be limited to a particular subdivision of a general subject, the right to embody in the bill matters pertaining to the remaining subdivisions of such subject is relinquished. To hold otherwise would be to disobey the constitutional mandate, and invite the grave evils sought to be avoided thereby.

"It will not do to say that the general subject of legislation may be gathered from the body of the act, for, to sustain the legislation at all, it must be expressed in the title. Moreover, we are bound to assume that the word 'clearly' was not incorporated into the constitutional provision under consideration by mistake. It appears in but few of the corresponding provisions of other

state constitutions—a fact that could hardly have been unobserved by the convention. That this word was advisedly used, and was intended to affect the manner of expressing the subject, we cannot doubt. The matter covered by legislation is to be 'clearly,' not dubiously or obscurely, indicated by the title. Its relation to the subject must not rest upon a merely possible or doubtful inference. The connection must be so obvious as that ingenious reasoning aided by superior rhetoric will not be necessary to reveal it. Such connection should be within the comprehension of the ordinary intellect as well as the trained legal mind. Nothing unreasonable in this respect is required, however; and a matter is clearly indicated by the title when it is *clearly germane* to the subject mentioned therein. * * * "

"The rule is, that a perpetual statute (which all statutes are unless limited to a particular time), until repealed by an act professing to repeal it, or by a clause or section of another act directly bearing in terms upon the particular matter of the first act, notwithstanding an implication to the contrary may be raised by a general law which embraces the subject matter, is considered still to be the law in force as to the particulars of the subject matter legislated upon." *United States v. Gear,* 3 How. (U.S.) 120, 11 L. Ed. 523.

██ It is our duty to construe chapter 157, Session Laws of Colorado 1935, and chapter 108, Session Laws of Colorado 1913, so as to permit both acts to be effective and enforceable, if that can be done without violating any constitutional provision. We, therefore, find that section 15 of the 1935 act, being broader than the title thereof, does not effectuate a repeal of the 1913 act in so far as the same pertains to loans in excess of $300.00, and as to such loans the 1913 act is in full force and effect unless otherwise repealed by matters hereinafter discussed.

Lest it be considered that we have overlooked our decision in *Siebers v. Disque,* 102 Colo. 39, 76 P. (2d) 1108,

we call attention to the fact that there the constitutionality of the 1935 act, supra, was not questioned. As a matter of fact the plaintiff in that action admitted the repeal of the 1913 act by the 1935 act, supra, and in *Dowd v. Labor Finance Corporation,* 100 Colo. 512, 69 P. (2d) 305, we reversed a decision of the district court, and, by allowing a recovery on the note there involved, recognized that the provisions of the 1913 act were then in full force and effect.

Counsel for defendants, in addition to their contention that the 1913 act is repealed by the 1919 and 1935 acts, supra, contend that the 1913 act having been omitted from the Compiled Laws of 1921 and the 1935 Colorado Statutes Annotated, these omissions constitute a repeal of the 1913 act, and in support of this contention direct our attention to the decisions of many other courts, none of which we consider of importance or controlling in our determination of this cause.

It would unduly prolong this opinion to quote the titles of acts authorizing the Revised Statutes of Colorado 1908, the Compiled Laws of Colorado 1921, and the 1935 Colorado Statutes Annotated. Any contention that an omission of any legislative act from either of these compilations results in a repeal of the statute is effectively answered by reference to the legislative act pertaining thereto. Section 10, chapter 159, '35 C.S.A., expressly provides that the Revised Statutes of Colorado 1908 "shall be prima facie evidence of the originals in all courts and tribunals of this state."

We find that chapter 172, Session Laws of Colorado 1923, section 11, chapter 159, '35 C.S.A., provides that the Compiled Laws of 1921 "shall be prima facie evidence of the originals of the Constitution and Laws of Colorado in all courts and tribunals of the state." We find that chapter 120, Session Laws of Colorado 1937, being section 13, chapter 159, '35 C.S.A., provides that the 1935 Colorado Statutes Annotated "shall be received in all courts and by all officers, boards and com-

missions of Colorado as prima facie evidence of the laws of the State of Colorado." It is idle to suppose that if the legislature, by authorizing the compilation or codification of either of these statutes, had intended to make them the basic and fundamental laws of the State of Colorado, thereby repealing all laws other than those contained in the compilation or codification, it would have found it necessary to enact statutes directly contrary thereto by a later specific act providing that these statutes should be considered as prima facie evidence only.

We are in accord with the following:

"A compilation of laws may be either officially or privately prepared. It is merely a systematic arrangement of all the statutes of a particular state published to facilitate the discovery of the law. Usually a compilation does not purport to eliminate laws which have been repealed but instead collects all laws on the same subject regardless of their operative effect. Even where a compilation has been given legislative approval it does not affect the status of the law and the final authority remains in the statutes as originally enacted by the legislature. The omission of statutes from the compilation, disastrous as it may be to the hurried lawyer in search of the statutory material, is without effect and if the statute is still in force its omission from the compilation is without legal significance.

"A compilation is but a make-shift code which delusively gives confidence to its users without providing them with an accurate and reliable source book." 2 Sutherland Statutory Construction (3d ed.), p. 251, §3704.

It is doubtful whether the legislature could lawfully delegate to any person or commission authority to make a compilation or codification of the statutes of the state, which, when completed, would give it the dignity of a basic and fundamental law without further legislative action. However, that question is not now before us,

and we shall content ourselves with holding that the omission of the 1913 act, supra, from the Compiled Laws of Colorado 1921, and from the 1935 Colorado Statutes Annotated, did not thereby effect a repeal of that act.

The judgment is reversed and the cause remanded for further proceedings in harmony with the views expressed herein.