MR. JUSTICE GROVES
delivered the opinion of the Court.
The petitioner brought an original proceeding in the nature of prohibition, seeking to prohibit further proceedings against him by the respondent district court. A rule to show cause was issued. We now discharge the rule.
On the' basis of a check presented to F. W. Woolworth & Company on May 8, 1971, petitioner Donald L. White was charged with a felony violation of the so-called “bad check” law C.R.S. 1963, 40-14-20, as amended by Colo. Sess. Laws 1970, ch. 48, herein designated as the “newer statute.” The petitioner entered a plea of nolo contendere to the charge and was sentenced to the state penitentiary.
The newer statute repealed 1965 Perm. Supp., C.R.S. 1963, 40-14-10, the “no account” check statute, herein designated as the “older statute.” After the newer statute was declared unconstitutional in People v. Vinnola, 111 Colo. 405, 494 P.2d 826 (1972), the petitioner moved to vacate his plea and the motion was granted. The petitioner was then charged by information with a violation under the older statute, based on the same check. His motion to dismiss this charge was denied. It is the position of the respondents that because the newer statute was declared unconstitutional in Vinnola, the older statute was not repealed. We agree.
I.
Whether a repeal provision of a legislative act otherwise declared unconstitutional falls with the rest of the act presents a question of legislative intent. Armstrong v. Mitten, 95 Colo. 425, 37 P.2d 757 (1934); I Sutherland, Statutory *150 Construction § 2033 (3rd ed.); and Annot., 102 A.L.R. 802. In Armstrong v. Mitten, supra, a legislative redistricting act was declared unconstitutional. A portion of that act repealed an earlier initiated redistricting act. In determining the effect of its finding of unconstitutionality on the clause repealing the initiated act, the court said:
“The repeal provision of the legislative act falls with the rest of the act. It was the purpose of the general assembly to repeal the initiated act so that its own reapportionment act would be an effective substitute therefor. It is clear that it did not intend the repeal to be operative except in the event that its own act should be held to be valid.”
In order to hold that the legislature intended the repeal of the older statute to be effective even if the newer statute were declared unconstitutional, we would have to presume that the legislature intended to create a void in the law relating to bad checks. Such a presumption would seem to be without merit, particularly since this state has had some law in the “bad check” area since at least 1885 (Colo. Sess. Laws 1885, p. 169). See also Colo. General Laws, 1887 § 763. Instead, we view the newer statute as a substitute for the older one and believe that the legislature did not intend the repeal of the older statue to be operative if the newer one were held to be unconstitutional. We hold, therefore, that the newer statute did not effectuate the repeal of the older statute. Armstrong v. Mitten, supra; and Sullivan v. Siegal, 125 Colo. 544, 245 P.2d 860 (1952), see Board of Commissioners of Pitkin County v. First Nat. Bank, 6 Colo. App. 423, 40 P. 894 (1895), aff’d. by 24 Colo. 124, 48 P. 1043 (1897); and People v. Fleming, 7 Colo. 230, 3 P. 70 (1883).
II.
The petitioner contends that trial under the pending information will constitute double jeopardy. No authorities for the contention have been cited. We need not decide whether the petitioner is in fact being charged a second time with the same offense. If the present information charges the same offense to which the petitioner previously entered a *151 plea of nolo contendere, the petitioner clearly may be retried after his conviction has been vacated on his own motion. It is an established rule that when a defendant obtains a reversal or vacation of a prior, unsatisfied conviction, he may be retried in the normal course of events. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966), citing United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); and United States v. Tateo, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964). If the two informations have not charged the same offense, then the double jeopardy clause by its own terms does not prevent prosecution of the petitioner under the older statute. The Fifth Amendment provides that no person shall “be subject for the same offense to be twice put in jeopardy of life or limb.” See United States v. Ewell, supra.
III.
The petitioner also contends that this court would be engaging in ex post facto lawmaking if we were to allow petitioner to be tried under the older statute. In support of this contention, petitioner cites State v. Longino, 109 Miss. 125, 67 So. 902 (1915); State v. Jones, 44 N.M. 623, 107 P.2d 324 (1940); and State v. Stout, 90 Okla. Crim. 35, 210 P.2d 199 (1949). In each of these cases a court first held that conduct such as that later engaged in by a defendant was not a crime. Later and after the act was committed, the court reversed itself and held the conduct to be criminal. In these cases, the courts refused to allow prosecution of the defendant. We do not have a similar situation before us and remain unpersuaded by the petitioner’s argument.
IV.
Petitioner’s contention that his right to due process of law will be violated if he is tried under the older statute is without merit.
Rule discharged.
MR. CHIEF JUSTICE PRINGLE does not participate.