MR. JUSTICE GROVES
delivered the opinion of the Court.
On the basis of a check delivered for payment on September 14, 1970, the petitioner Robert E. White was charged with a felony violation of the “bad check” law, C.R.S. 1963, 40-14-20, as amended by Colo. Sess. Laws 1970, ch. 48. This statute (herein designated as the newer statute) repealed and re-enacted with amendments C.R.S. 1963, 40-14-20, as amended (herein designated as the older statute). The petitioner entered a plea of guilty to the charge and was sentenced to a term in the penitentiary.
After the newer statute was declared unconstitutional in People v. Vinnola, 177 Colo. 405, 494 P.2d 826 (1972), the petitioner’s motion to vacate his guilty plea was granted. Thereafter, on the basis of the same check, he was charged with a violation of the older statute. The petitioner’s motion for dismissal of the charge was denied by the respondent district court, and he brought this original proceeding seeking to prohibit further proceedings against him by that court. We issued a rule to show cause.
The petitioner here raises the identical arguments raised by the petitioner in White v. District Court, 180 Colo. 147, 503 P.2d 340. The only substantive distinction between this case and White v. District Court, supra, is that the petitioner here was charged under 1965 Perm. Supp., C.R.S. 1963, 40-14-20(6) following vacation of his plea, whereas in White v. District Court, supra, the petitioner was charged under 1965 Perm. Supp., C.R.S. 1963, 40-14-10. This distinction does not alter our view that White v. District Court, supra, is determinative of the issues presented here. It *154 seems clear that the newer statute was a substitute for both 1965 Perm. Supp., C.R.S. 1963, 40-14-20(6) and 40-14-10, and that the legislature did not intend the repeal of either statute to be effective if the newer statute were held to be unconstitutional.
Rule discharged.
MR. CHIEF JUSTICE PRINGLE does not participate.