## No. 27249

## The People of the State of Colorado v. Donald George Emig

(552 P.2d 312)

Decided July 6, 1976.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Thomas J. Tomazin, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Mary G. Allen, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant was convicted of fraud by check under section 18-5-205, C.R.S. 1973, and was sentenced to a term in the state penitentiary.

In *People v. Quinn*, 190 Colo. 534, 549 P.2d 1332, and *People v. Reagan*, 190 Colo. 534, 549 P.2d 1332, both announced May 10, 1976, we held section (2) of this statute to be unconstitutional. As a result, the Attorney General has properly confessed error as to the instant convictions. He asks, however, that under *White v. District Court*, 180 Colo. 147, 503 P.2d 340 (1972), we declare that the defendant can be prosecuted under a former statute, 1967 Perm. Supp., C.R.S. 1963, 40-14-20.

In the Attorney General's petition for rehearing in *People v. Quinn, supra*, and *People v. Reagan, supra*, he requested precisely the same ruling as asked here. We denied the petition for rehearing in *Quinn* and *Reagan*.

In *People v. Vinnola*, 177 Colo. 405, 494 P.2d 826 (1972), we declared unconstitutional the then bad check statute, C.R.S. 1963, 40-14-20, as amended by Colo. Sess. Laws, 1970, ch. 48 at 158. Thereafter, in the action represented by *White v. District Court, supra*, the defendant was charged and prosecuted under the previous bad check statute, 1965 Perm. Supp., C.R.S. 1963, 40-14-10, which had been repealed by the statute which we declared unconstitutional in *Vinnola*. In *White* we upheld the validity of the prosecution under the last cited statute.

■   Here, in advance of any prosecution under a statute in effect prior to the one declared unconstitutional in *Quinn* and *Reagan*, the Attorney General seeks an advisory ruling. We then concluded that we should not give such a ruling, and we still adhere to that conclusion.

■   The judgments under the fraud by check counts are reversed and the cause remanded with directions to dismiss the charges.

MR. JUSTICE HODGES does not participate.