MR. JUSTICE GROVES
delivered the opinion of the Court.
The defendant was convicted under a charge of fraud by check in violation of Colo. Sess. Laws 1972, ch. 48, 40-5-205 at 281, amending C.R.S. 1963, 40-5-205.[1] He appealed to the Colorado Court of Appeals. In accordance with C.A.R. 50, we accepted jurisdiction of the case on March 27, 1975. We reverse and remand for dismissal.
After the case was at issue here, on May 10, 1976 we announced our consolidated opinion in People v. Quinn and People v. Reagan, 190 Colo. 534, 549 P.2d 1332, holding the statute involved unconstitutional. By reason of this ruling, the Attorney General confessed error, conceding that Quinn and Reagan were dispositive. The People ask, however, that, instead of remanding for dismissal, we remand for new trial under 1965 Perm. Supp., C.R.S. 1963, 40-14-10 or 1967 Perm. Supp., C.R.S. 1963, 40-14-20. The Attorney General’s position is that, under White v. District Court, 180 Colo. 147, 503 P.2d 340 (1972), the defendant can be prosecuted under one of the statutes in effect prior to the enactment of the statute declared unconstitutional in Quinn and Reagan. Such was not the situation in White. There, a bad check statute had been declared unconstitutional in People v. Vinnola, 177 Colo. 405, 494 P.2d 826 (1972). White then was prosecuted and convicted under the statute which was repealed by the statute declared unconstitutional in Vinnola. In White we upheld that conviction.
Here, we do not have a case in which there has been a prosecution under the earlier statute. Rather, a request is now made that, after declaring the statute adopted in 1972 as unconstitutional, we remand for prosecution under an earlier statute. We hold here, as we did in Vinnola, that the defendant cannot be prosecuted under an unconstitutional statute. What future course the district attorney wishes to take in this case is for him to determine.
Judgment reversed and cause remanded to the district court with directions to vacate the judgment and dismiss the information.
MR. JUSTICE KELLEY does not participate.

 Section 18-5-205, C.R.S. 1973.