**Elizabeth BRENNAN, Plaintiff,**

v.

**Joseph ZAPIEN, David Kerno, and Robert Trujillo, Defendants.**

Civ. A. No. 78–C–656.

United States District Court, D. Colorado.

June 7, 1979.

Douglas E. Larson, Denver, Colo., for plaintiff.

Duncan W. Cameron, Richard Goldberg, Asst. Atty. Gen., Denver, Colo., for defendants.

## ORDER

CHILSON, Senior District Judge.

The plaintiff brings this action pursuant to 42 U.S.C. § 1983 seeking compensatory and punitive damages from the defendants. The defendants filed a motion to dismiss the amended complaint on the ground it fails to state a claim upon which relief may be granted.

Briefs in support of and in opposition to the motion were filed and thereafter oral argument was had in open court.

In disposing of this motion, we follow the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts which would support her claim and entitle her to relief.

The complaint as amended alleges that in November 1972, plaintiff was convicted in the district court of Weld County, Colorado, of a violation of 1963 C.R.S. 40–5–205, fraud by check; in February 1975, the plaintiff was released on parole; in May 1976, the statute under which she was convicted was declared unconstitutional by the Colorado Supreme Court in *People v. Quinn* and *People v. Reagan*, 549 P.2d 1332; in November 1976, she was arrested by her parole officer, David Kerno, (one of the defendants) on charges of violating her pa-

role; thereafter Kerno filed a complaint with the Colorado Parole Board requesting a hearing to review and possibly revoke plaintiff's continued status on parole; in December 1976, a revocation hearing was held before the defendant, Zapien, a member of the parole board and her parole was revoked and plaintiff was held in the Colorado Womens' Correctional Institute until July 1, 1977, when she was released pursuant to a writ of habeas corpus.

The complaint further alleges:

"11. Defendants knew or should have known, as officers of the law and of the Court, that CRS 1973 18-5-205, the modern correspondent of the charge of which Plaintiff was originally convicted, had been declared unconstitutional, and accordingly, Plaintiff's conviction under said statute was null and void."

The complaint does not allege the official position of the defendant, Robert Trujillo, but presumably he was a member of the parole board.

Assuming the truth of all the material allegations of the complaint, we conclude that the complaint does not state a claim upon which relief may be granted.

The basis of the complaint is that the Colorado Supreme Court decisions in *People v. Quinn* and *People v. Reagan, supra,* automatically voided her conviction and sentence and that the defendants should on their own volition and without any action by the convicting court, have released her from further parole supervision or custody.

We know of no authority, and counsel has cited none which imposes a duty upon those having supervision and control of a convicted prisoner to declare the conviction void. We hold that in this case, there was no such duty imposed by law upon the defendants and further hold that the defendants had no authority to declare the commitment void. Only a court of competent jurisdiction has such authority.

We point out that the plaintiff was not without a remedy, specifically the right to apply to the court which ordered her commitment for relief. Eventually in July 1977, she pursued this remedy and was released after applying for and obtaining a writ of habeas corpus.

We conclude that the complaint does not state a claim upon which relief may be granted and the defendant's motion to dismiss this action should be granted.

IT IS THEREFORE ORDERED that the defendant's motion to dismiss is hereby granted and final judgment of dismissal of this action and the complaint therein should be forthwith entered.