Honorable Richard D. Lamm Governor, State of Colorado Executive Chambers State Capitol Denver, Colorado 80203
Dear Governor Lamm:
This is in response to your September 4, 1979 request for an opinion on the number of members comprising the Parole Board.
QUESTION PRESENTED AND CONCLUSION
How many members does the legislature intend the Parole Board to have?
 For the reasons discussed below, it is my conclusion that the Parole Board has five members.
ANALYSIS
Your question arises because of two bills passed during the 1977 legislative session. S.B. 441, which became effective on July 1, 1977, amended C.R.S. 1973, 17-1-201(1) to increase the number of Parole Board members from four to five. See 1977 Sess. Laws, ch. 221.
The second relevant bill, S.B. 587, created the Department of Corrections and made numerous conforming changes in existing statutes. See 1977 Sess. Laws, ch. 223. This bill became effective on August 1, 1977. With respect to membership on the Parole Board, S.B. 587 simply repeated the original language of C.R.S. 1973, 17-1-201(1) as it existed before the passage of S.B. 441, i.e., S.B. 587 stated that the Parole Board consisted of four members. See 1977 Sess. Laws, ch. 223 at pp. 911-912.
In this situation, the applicable rule of statutory construction requires that S.B. 441 remain in effect and modify S.B. 587 in the same manner as it modified the original C.R.S. 1973,17-1-201(1). This rule is explained as follows:
 Because portions of an old law which are repeated in an amending act are regarded as a continuation of the existing law, where two amendments passed at the same session of the legislature were not so inconsistent that both could not be given effect, provisions of the later one which were merely reenactments of a former law were not given the effect of repealing the intermediate amendment. The intermediate act was allowed to remain in force and to modify the new act in the same manner as it did the first.
1A Sands, Sutherland Statutory Construction, § 22.33 (4th ed.). Since it is unreasonable to assume that the legislature intended S.B. 441 to remain in effect only for one month, the construction of the two bills set forth above is a harmonious construction which gives full effect to the legislative intent.
When title XVII was codified, however, the language of S.B. 441 was dropped so that C.R.S. 1973, 17-1-201(1) (1978 repl. vol.) states that the Parole Board has four members. Generally, the inadvertent omission of an act from a codification does not have the effect of repealing the omitted act. Sullivan v.Siegal, 125 Colo. 544, 245 P.2d 860 (1952); Sands,supra, § 28.08. The supreme court has said that a "legislative intent to change the meaning of statutes in the course of the general revision will not be inferred unless this intent is clearly and indubitably manifested." Davisv. Conour, 178 Colo. 376, 382, 497 P.2d 1015, 1018
(1972).
SUMMARY
Here, there is no evidence that the legislature intended to return to a four-member Parole Board when it adopted the 1977 and 1978 codifications. Under C.R.S. 1973, 2-4-207, where there is a conflict between the official copy of an act and any subsequent reprinting, "the language of the official copy prevails." Accordingly, it is my conclusion that S.B. 441 remains in effect and the Parole Board has five, not four, members.
Very truly yours,
 J.D. MacFARLANE Attorney General
PROBATION AND PAROLE STATUTORY CONSTRUCTION PUBLIC OFFICERS
C.R.S. 1973, 17-1-201(1) (1977 Colo. Sess. Laws ch. 221) C.R.S. 1973, 2-4-207
C.R.S. 1973, 17-2-201.1 (1977 Colo. Sess. Laws ch. 223)
EXECUTIVE BRANCH Governor, Office of Parole Bd.
Parole Board has five, not four, members despite codification to the contrary of C.R.S. 1973, 17-1-201(1) in the 1978 replacement volume.