97 P.2d 391

PANKEY v. HOT SPRINGS NAT. BANK.

No. 4375.

Supreme Court of New Mexico.

Dec. 4, 1939.

E. L. Medler and Wm. A. Gillenwater, both of Hot Springs, for appellant.

E. D. Tittmann, of Hillsboro, and Mechem & Hannett, of Albuquerque, for appellee.

BICKLEY, Chief Justice.

The appellant filed a suit against the First National Bank of Hot Springs, and the Hot Springs National Bank (appellee), on November 9, 1932. On February 10, 1934, a voluntary non-suit and dismissal was taken as to the Hot Springs National Bank in that suit. The action then proceeded against the First National Bank of Hot Springs, which at that time was defunct and not carrying on business, its assets and business having been taken over by the Hot Springs National Bank. On February 28, 1934, a judgment was recovered in that suit against the First National Bank of Hot Springs. That judgment was affirmed by this court in Pankey v. First National Bank of Hot Springs, 40 N.M. 270, 58 P.2d 1186.

Pending the appeal an execution was issued, and on March 22, 1934, said execution was returned nulla bona. On December 18, 1934, the judgment creditor in the judgment against the First National Bank of Hot Springs filed what is asserted to be a creditor's bill to subject the assets in the hands of the defendant (appellee) Hot Springs National Bank to the payment of the aforesaid judgment, praying a discovery and accounting by reason of the allegations that the Hot Springs National Bank was successor to the First National Bank of Hot Springs, having been organized for the purpose of taking over the business of the First National Bank.

On January 15, 1935, the defendant, Hot Springs National Bank, demurred to the complaint on the ground that said complaint fails to state a cause of action in that it failed to state facts to show any fraud was committed by either the First National Bank or the defendant Bank in the purchase of the former Bank's assets by the latter Bank; that the complaint showed that the plaintiff was guilty of laches; that the allegations failed to show equity, and for other reasons. On April 26, 1935, the demurrer was sustained "insofar as it is directed against the allegations of the complaint designed to give to this court equity jurisdiction, and that the plaintiff is left to his remedy at law." Apparently no further action was taken with respect to the pleadings or order sustaining the demurrer, and on June 3, 1935, the defendant Hot Springs National Bank filed its answer. On June 26,

1935, plaintiff filed a motion for permission to inspect records of the First National Bank of Hot Springs. On July 15, 1935, plaintiff moved for an order to take oral testimony of a witness. The record does not disclose anything done in the case thereafter until March 19, 1937, when the defendant filed a motion to dismiss the complaint for want of prosecution. It is asserted by appellant that at about this time Walter C. Cochrane and Joseph Gill, attorneys for plaintiff, departed this life, and E. L. Medler, an attorney of Hot Springs, New Mexico, entered his appearance for the plaintiff in place and stead of Joseph Gill and Walter C. Cochrane.

On August 3, 1937, defendant filed a motion for judgment on the pleadings, stating as cause therefor that it had on the 3rd day of June, 1935, filed its answer wherein it was alleged under oath that the plaintiff had discovered the alleged fraud upon which the action is based on the 30th day of March, 1930, and that plaintiff's action was not filed until the 18th day of December, 1934, and that to said answer the plaintiff had not filed any reply. Neither the motion to dismiss for want of prosecution nor the motion for judgment on the pleadings was ruled upon by the court. On September 16, 1937, a few days after the effective date of Ch. 121, L. 1937, if effective as to pending actions, defendant-appellee filed a motion to dismiss plaintiff's complaint and cause of action *with prejudice* for the reasons:

"1. That the plaintiff is in default for want of a reply or other pleading to the defendant's answer which pleads the bar of the Statute of limitations to the maintenance of said cause of action;

"2. That said plaintiff has failed to take any action or proceeding to its final determination for a period of at least two years after the filing of said action or proceeding and

"3. For the further reason that the plaintiff has failed to prosecute said cause of action with diligence.

"In support of said motion the defendant shows to the Court that said cause of action was filed on the 18th day of December, 1934, and that since that time the said plaintiff has failed to prosecute the same, and has failed to bring such action or proceeding to its final determination, and that no written stipulation signed by all the parties to said action has been filed, suspending or postponing final action, and that said plaintiff has failed to file a reply to the defendants answer in which it is alleged that said cause of action is barred by the four year statute of limitation, which defense the said defendant believes to be well taken.

"Wherefore, the premises considered, the defendant prays that this cause be dismissed with prejudice to the prosecution of any other or further action or proceeding based upon the same cause or causes of action set up in the complaint."

On October 23, 1937, the court entered a judgment of dismissal, declaring:

"It is by the court ordered, adjudged and decreed that the cause of action be and the

same is hereby dismissed *with prejudice* to which the plaintiff then and there duly excepted." (Emphasis ours.)

It is apparent from a reading of the motion that Ch. 121, L.1937, providing for the dismissal with prejudice of civil actions or proceedings in the district courts of this state where no action has been taken toward determination thereof by the plaintiff for a period of at least two years after the filing of said action was relied upon for the dismissal of the action, and it is apparent from the order of the court that the motion to dismiss was sustained upon the ground authorized by the statute aforesaid. As the practice has heretofore existed, we do not think that it would have been appropriate to dismiss the case with prejudice upon the third ground of the motion, namely, for want of prosecution.

Possibly by treating the first ground in the motion as a motion for judgment on the pleadings, the court would have been warranted in rendering a judgment in defendant's behalf on the pleadings, but that was not done. It may be also that treating the first ground of the motion as a motion for judgment on the pleadings, a dismissal with prejudice would be warranted and would accomplish the same purpose as a judgment on the pleadings in defendant's favor. This we do not decide.

 Ordinarily where a motion to dismiss sets forth several grounds, and the motion is sustained generally and the record does not show the ground on which it was ordered, there are certain presumptions

which attend the correctness of the court's decision and such decision would be upheld on the view that it should be sustained if any of the grounds were well taken. As we have seen, however, said motion was not sustained generally. We do not think those principles are applicable in the case at bar for the reason that the record shows that the motion was sustained upon the second ground advanced in the motion. We exercise our discretion to decline to consider whether the remaining grounds of the motion are well taken. We have recently decided in City of Roswell v. Holmes, N.M., 96 P.2d 701, opinion filed November 24, 1939, not yet reported [in State reports], that it was error to apply the provisions of Ch. 121, L.1937, to pending cases.

Appellant has assigned as error the sustaining of the demurrer to a portion of his complaint. It is stoutly contended by appellee that the present appeal does not afford an opportunity to review the order of the court sustaining said demurrer. In view of our disposition of the present appeal, we find it unnecessary to consider that question.

From all of the foregoing it appears that the court was in error in dismissing with prejudice the complaint and suit upon the ground that plaintiff had failed to take any action to bring such suit or proceeding to its final determination for a period of at least two years after the filing of the action.

Attention of counsel is directed to Sec. 10 of Rule XIV, Supreme Court Rules.

The judgment will be reversed and the cause remanded for such further proceed-

ings as the parties may be advised and to the court deemed proper, and it is so ordered.

BRICE, ZINN, SADLER, and MABRY, JJ., concur.