129 P.2d 334

**MIERA v. STATE.**

No. 4688.

Supreme Court of New Mexico.

Sept. 18, 1942.

Fred E. Wilson, Sp. Atty., of Albuquerque, for appellant.

Iden & Adams, of Albuquerque, for appellee.

MABRY, Justice.

Appellee, Frank E. Miera, as plaintiff below and hereafter referred to as plaintiff, brought suit against the State for loss and damage to him as owner of certain sheep resulting from the alleged negligence or failure to perform their duties on the part of the Sheep Sanitary Board, its agent, officers and employees, hereafter called defendant. Plaintiff relies upon Chap. 102 of the Laws of 1941, which Act provides:

"Section 1. Whenever the owner of any sheep in this state shall suffer loss or damage or, during the period from January 1, 1939, to the date when this act becomes effective, shall have suffered loss or damage as a result of the failure on the part of the Sheep Sanitary Board, or any of its agents, officers, or employees to properly perform their duties as prescribed by law or as a result of the negligence of such Board, its agents, officers, or employees, it shall be lawful for such owner, within six months after such loss or damage shall have occurred, or within sixty days after this act becomes effective in the case of loss or damage which occurred prior to such effective date to institute an action in the District Court against the State of New Mexico, and if the Court shall determine that such loss or damage occurred as above stated, it shall render judgment for the amount thereof in favor of such owner against the State of New Mexico. Such an action shall be governed by the rules of pleading, practice and procedure applying to other civil actions. Service of Process therein shall be made upon the Secretary of the Sheep Sanitary Board. The Attorney General shall represent the State of New Mexico in such actions.

"Section 2. Any judgment obtained against the State of New Mexico pursuant to the preceding section shall be paid by the State Treasurer out of funds in his hands derived from a special tax levy upon the assessed value of all sheep in the State. Such levy shall be made by the Sheep Sanitary Board on or before the first day of August after the entry of such judgment unless prior thereto an appeal is allowed to the Supreme Court and, in case of such appeal, on or before the first day of August after such case is finally determined adversely to the State of New Mexico. The levy shall be made upon order of the Board, which shall be certified to the State Auditor and by him certified to the Boards of County Commissioners of each county. The Commissioners shall include said levy in their annual levies of taxes and such special tax shall be collected in the several counties and paid to the State Treasurer in the manner provided by law for the collection and payment of other state taxes. Such fund shall be kept separately by the State Treasurer and paid out by him for the purposes herein set forth. Such special tax shall be assessed, levied, and collected at the expense of the several counties. The levy herein provided for shall not in any one year exceed ½ cent on the dollar of the assessed value of all sheep in the state, but shall be continued from year to year until all judgments obtained pursuant hereto shall have been paid in full."

The cause was tried to the court without a jury upon the complaint of Miera and answer of the State. Judgment was rendered for Miera in the sum of $4,588.33. Thereafter there was filed on behalf of defendant a motion to vacate the judgment which was overruled. An appeal was granted to this court from the final judgment entered on the 17th day of July, 1941, as well as from the order of court overruling the motion to vacate such judgment, which was entered on the 16th day of October, 1941.

The State of New Mexico, as appellant, by its assignment of errors raises three questions, viz., (1) that the judgment is not supported by substantial evidence and the court erred in overruling demurrer to the evidence made at the close of the case; (2) the court erred in overruling motion to vacate the judgment for the reason that the judgment was irregularly entered in that the court failed to make findings of fact supporting said judgment prior to entry thereof as required by rule 105—813 of the Rules of Pleading, Practice and Procedure; (3) that the statute (Chap. 102, Laws of 1941) under which the action was brought is unconstitutional, and that the complaint based thereupon failed to state a cause of action.

The complaint alleges that early in the year of 1939, plaintiff, the owner of some 900 head of sheep, then in Colfax county, New Mexico, became infected with scabies through contact with a certain herd of sheep belonging to one Frank Jaramillo; that the Jaramillo sheep were, just prior to that time, brought into Colfax county from

Taos county "with the permission" of the Sheep Sanitary Board of New Mexico, its officers, agents and employees; that at the time the Jaramillo sheep were moved from Taos county to Colfax county, they were infected with scabies, and that the Sheep Sanitary Board, its agents, officers and employees, were negligent in that they "permitted" said infected sheep to cross over from Taos county into Colfax county thereby resulting in the infection of the sheep of plaintiff; and that after plaintiff's sheep became so infected by contact with the said Jaramillo sheep, that plaintiff was required and compelled by the said Sheep Sanitary Board to dip 700 head of said sheep at such season of the year and during such inclement weather as to endanger the health and lives of said sheep and as a result of such untimely dipping loss was suffered through the death of a large number of such sheep. Damages were claimed for loss of 400 head of such sheep, alleged to have resulted both from such infection and from such dipping.

We first examine the assignment of error challenging the judgment as lacking substantial evidence in support thereof. Appellee argues that negligence on the part of the Sheep Sanitary Board, its officers, agents and employees was established in the following respects: (1) They granted permission for Jaramillo to take his sheep from Taos county to Colfax county when they knew, or should have known, that they were infected with scabies; (2) They permitted the Jaramillo sheep to be moved from Taos county, which was an area infected with scabies, to Colfax county, which was an area free from such infection; (3) They required Miera to dip his sheep at such season of the year and in such inclement weather as to endanger their health and lives.

Appellant urges that there is no evidence to show that the Sheep Sanitary Board gave its permission, or that its permission was ever sought by Jaramillo, the owner of the Taos county sheep, to remove them from Taos county to Colfax county. In this appellant is correct. The evidence shows that these sheep had been regularly inspected prior to their removal. They were first found to be infected with scabies, and were quarantined; thereafter, and on about the first day of July, 1939, they were dipped. They were then dipped again and again inspected; and, at the time of the last inspection no evidence of scabies was disclosed, and the proper certificates were made and issued showing the sheep had been regularly inspected and were then free from scabies.

There is nothing in the record that shows this inspection, which was by the Bureau of Animal Industry working in cooperation with the State Board, was for the purpose of permitting Jaramillo to remove the sheep to Colfax county. There is no statutory requirement that sheep be inspected and permits be issued before sheep are moved intrastate, or across county lines. It is only when sheep are to be moved across an Indian Reservation or a forest preserve that Federal rules and

regulations require that they be first inspected.

Appellee apparently does not agree with this statement as to requirement for inspection. He contends that Section 4-1642 of the N.M.Comp.Stat. of 1929 is to the contrary. This statute reads: "Scabby sheep—Permit to cross county line. No person, firm or corporation shall trail or cause to be trailed across any county line in the state of New Mexico any sheep that are affected with scabies except by a permit signed by an inspector, secretary or member of the sheep sanitary board."

This statute clearly applies to the owner of sheep infected with scabies, not to one whose flock is free of the disease. If sheep are so infected, it becomes unlawful, under this Act, to move them from one point in the State to another without a permit. There is nothing in the statute, however, which makes it the duty of the Sheep Sanitary Board to give permission to the owner of sheep to remove them from one county to another after they have been inspected and found to be free of scabies.

The Jaramillo sheep were, when last inspected, in the opinion of the Federal inspectors and whatever State inspectors may have assisted in the inspection, free from scabies and not infected. The statute would have no application to the facts surrounding the Jaramillo sheep or their removal across a county line. There is no clear suggestion, much less is there any proof, that the Board was negligent in dipping, and issuing a certificate for the Jaramillo sheep in Taos county. We cannot presume that it was negligent.

We next approach the question whether or not the board was negligent in ordering the sheep dipped at the time they were dipped. Since there was no actionable negligence which could be charged against defendant because of the removal of the Jaramillo sheep into Colfax county, as we have shown, we must look for support for the judgment in evidence of negligence attending · the dipping of the plaintiff's sheep after they were found diseased and after plaintiff himself had declined to dip them, or in some other circumstance within the pleadings and proof, aside from the circumstances that the Jaramillo sheep were by their owner removed, after inspection, into the area where they could contact the Miera sheep.

Appellant complains that in the absence of findings by the trial court we are unable to say upon what particular ground of negligence the judgment is based; that is, whether it was because "permission" to remove the sheep from Taos to Colfax county was erroneously given or because Miera was required to dip in inclement weather so as to endanger the lives and health of the sheep.

Counsel for appellant in the trial below made no request for, but specifically waived, any and all requests for findings and conclusions by the court. He is therefore not now in a position to complain that

in the absence of findings the particular ground upon which negligence is based cannot be ascertained.

Appellant would distinguish between "specific" findings of fact and conclusions of law mentioned in paragraph (f) of Rule 105—813 of the Rules of Practice and Procedure and the findings of fact and conclusions of law referred to in paragraph (a) of said rule. We are unable to make this distinction. We have held many times that findings of fact and conclusions of law may be waived. Citation of authority on this point is not necessary.

An examination of the evidence which appellant challenges as being insufficient to support the judgment shows it to be in error. We hold that there is sufficient evidence of negligence on the part of appellant board in requiring dipping of the sheep in cold and inclement weather, to support the judgment.

The special counsel appearing in this court for appellant (but not representing it in the trial below) has raised, and ably briefed, the question of the constitutionality of the act in question. The argument he presents is challenging and intriguing, but it will not be considered since it is a question that was not appropriately raised in the trial below. "Constitutional questions, not raised in the regular and orderly procedure in the trial, are ordinarily rejected (12 C.J. 786), unless the jurisdiction of the court below or that of the appellate court is involved * * *." State v. City of Albuquerque, 31 N.M. 576, 249 P. 242, 248. On appeal the case will be considered upon the pleadings and issues as framed below. Smith v. Borradaile, 30 N.M. 62; 227 P. 602; Albuquerque Lumber Co. v. Tomei, 32 N.M. 5, 250 P. 21. Under the circumstances, appellant's efforts to raise this question in its motion to set aside and vacate the judgment are not timely.

The motion to set aside and vacate the judgment filed by counsel for appellant here, and who had just come into the case below, was filed more than thirty days after the making and entry thereof. The judgment could only be set aside for an "irregularity" after such thirty-day period and within a year after its rendition. § 105-846 N.M.Comp.Laws 1929. Since the failure to make findings and conclusions as required by our rules may be, and was, in this case, waived, there was no irregularity; and, since no constitutional question was ever called to the court's attention in any manner, except by said motion to set aside and vacate the judgment, it will not now be noticed.

Finding no error, the judgment will be affirmed, and it is so ordered.

BRICE, C. J., and SADLER, J., concur.

ZINN and BICKLEY, JJ., did not participate.