358 P.2d 698

CITY OF ALBUQUERQUE, a Municipal Corporation, Appellee,

v.

Gertrude W. CAMPBELL; Elizabeth Ann Campbell, a minor, by her Mother and Next Friend, Gertrude W. Campbell; and St. Paul Mercury Insurance Company, a corporation, Appellants.

No. 6684.

Supreme Court of New Mexico.

Dec. 29, 1960.

Rehearing Denied Feb. 6, 1961.

Keleher & McLeod, Russell Moore, Albuquerque, for appellants.

Gilbert, White & Gilbert, Sumner S. Koch, Sante Fe, for appellee.

MOISE, Justice.

This is a consolidated appeal of three cases, arising out of a single accident involving a dump truck owned by the City of Albuquerque and being driven at the time of the accident by its employee, Ernest J. Gomez.

Upon motion filed by the City of Albuquerque, the actions against the City were dismissed. The question presented for appeal is whether or not the provisions of § 64-25-9, N.M.S.A.1953, protect the defendant City from suit. The trial court held the City could not be sued thereunder

and dismissed the suits and the plaintiffs appeal.

§ 64–25–9, N.M.S.A.1953, was adopted as § 2 of Chapter 192 of Session Laws of 1941. The act, including the title and § 1 thereof, is copied in full as follows:

"An Act Authorizing the State Board of Finance to Direct the Purchase of Public Liability and Property Damage Insurance Upon All Cars Owned and Operated by the State of New Mexico

"Section 1. The State Board of Finance is authorized to require all officials or the administrative head of all departments to purchase and secure public liability and property damage insurance in such sums as they may deem advisable, protecting the state against property loss and the public against injury to property or persons because of the negligent operation of automobiles, trucks, trailers, tractors, graders or other motor vehicles by employees, agents or officials of the state, or any of its institutions, agencies or political subdivisions. (§ 64–25–8, N.M. S.A.1953).

"Section 2. No action shall be brought or entertained in any court of this state against the state or any of its institutions, agencies or political subdivisions for injury or damage caused by the operation of such vehicles, but the action for any such in-jury or damage shall be brought against the person operating such vehicle at the time of the injury or damage. Every policy of insurance upon such vehicles shall contain a provision that the defense of immunity from tort liability because the insured is a governmental agency or an employee of a governmental agency, or because the accident arose out of the performance of a governmental function, shall not be raised against any claim covered by such policy, provided the claimant, or plaintiff in the event suit is instituted, shall file with the insured and the company issuing such policy of insurance a release in writing of any amount of such claim in excess of the limit stated in the policy, and a further statement that any such release shall not be construed as an admission of liability, nor may it be offered in evidence for any purpose, and that no attempt may be made in the trial of any case to suggest the existence of any insurance which covers in whole or in part any judgment or award in favor of the claimant." § 64–25–9, N.S.M.A.1953.

Appellants argue two points for reversal to the effect that (1) the statute does not apply to municipal corporations, and (2) if it is held that it does so apply it is unconstitutional because the title would not meet the requirements of Art. IV, Section 16, of the New Mexico Constitution.

78

They argue that municipal corporations are not covered because the statute does not refer to municipalities and if they are covered it is because they are included within the term "political subdivisions."

In support of their position that they are not included they call attention to the headings to §§ 64–25–8 and 64–25–9 in N.M. S.A.1953 wherein reference is to "state vehicles."

■■ It would seem clear that the headings on each section of the statutes appearing in the 1953 statutes annotated are not part of the law. They were added by the editors and are merely descriptive and intended as aids in the use of the statutes. That these statutes are a compilation is evident from the language of Chapter 39, N.M.S.L.1953. A compilation is defined in Webster's New International Dictionary (2nd Ed.) as a book or document composed of materials gathered from other books or documents. See also Sullivan v. Siegal, 125 Colo. 544, 245 P.2d 860. The New Mexico Statutes Annotated published in 1953 pursuant to authority of Chapter 39, N.M.S.L.1953, is a set of books composed of all the then existing statutes gathered together in a new form. The court in the case of Wells v. Dice, 33 N.M. 647, 275 P. 90, held that nothing in the 1915 codification was intended as a new enactment. Such a conclusion is even clearer and more apparent in a compilation than in a codification.

■ Point is made of the fact that the title to the act refers only to cars "Owned and Operated by the State of New Mexico," which is followed by the argument that the language of the act does not indicate an intent to cover cars owned and operated by municipal corporations. It is recognized that there is mention in Section 2 of "institutions, agencies or political subdivisions" of the state, but it is argued that municipal corporations are not included within these terms. In support of their argument our attention is directed to § 14–21–1, N.M.S.A. 1953, which provides that cities and towns "may sue, or be sued" whereas by its terms, § 64–25–9 prohibits certain suits being brought against "political subdivisions" of the state.

■ We need to search no further than the case of Vigil v. Penitentiary of New Mexico, 52 N.M. 224, 195 P.2d 1014, for an answer to the argument concerning § 14–21–1, and the provision authorizing suing and being sued. In that case it was held that the fact the Penitentiary was made a body corporate with the right to sue and be sued did not give authority to sue it in tort. The same conclusion was reached in a case involving college regents in Livingston v. Regents of New Mexico College of Agriculture & Mechanic Arts, 64 N.M. 306, 328 P.2d 78. The parallel between the situation in those cases and the argument here advanced should be obvious.

■ In support of the argument that municipal corporations are not included within the term "political subdivisions" the appellants cite four Missouri cases and one New York case, which hold that under the terms of certain constitutional or statutory provisions municipal corporations were not included within the term "political subdivisions." While Missouri has so held under one provision of its constitution dealing with appellate jurisdiction in certain actions involving cities in City of St. Louis v. Friedman, 358 Mo. 681, 216 S.W.2d 475, it has also held that a city is a political subdivision under the nepotism section of its constitution. State ex inf. Ellis ex rel. Patterson v. Ferguson, 333 Mo. 1177, 65 S.W.2d 97.

There are numerous cases in other jurisdictions holding cities to be political subdivisions of states under various types of statutes and constitutional provisions. See City of Miami v. Lewis, Fla.App.1958, 104 So.2d 70; Abbott v. City of Los Angeles, 50 Cal.2d 438, 326 P.2d 484; City of Norwalk v. Daniele, 143 Conn. 85, 119 A.2d 732; State v. Corker, 67 N.J.L. 596, 52 A. 362, 60 L.R.A. 564; Sitton v. Burnett, 216 Ark. 574, 226 S.W.2d 544; Kinney v. City of Astoria, 108 Or. 514, 217 P. 840; Bolen v. Board of Firemen, etc., Tex.Civ. App.1957, 308 S.W.2d 904; wherein our decision in Gibbany v. Ford, 29 N.M. 621, 225 P. 577, holding a city ward not to be a political subdivision, is cited. We would

add that we believe the decision in Gibbany v. Ford, supra, while holding wards not to be political subdivisions clearly indicates that the court was of the opinion that municipalities were. In that case the court was interpreting Art. V, Sec. 13, of the New Mexico Constitution which reads:

"All district, county, precinct and municipal officers, shall be residents of the political subdivisions for which they are elected or appointed."

We are of the opinion that the conclusion that municipal corporations are political subdivisions of the state is inescapable, and accordingly so hold.

Although the act under consideration (§§ 64–25–8 and 64–25–9) would have been much more intelligible if the insurance authorized had been to protect not only the state, but its "institutions, agencies or political subdivisions" as well, since political subdivisions are included within the term state, we do not deem this defect, if defect it is, to be decisive. If we consider the statute as if it had specifically provided for their protection most of the uncertainty present disappears. We are convinced that such was the intention of the legislature, whether the best language was used to express it or not. In so construing the statute we are adhering to the rule we have long followed and restated by Justice McGhee in Scott v. United States, 54 N.M. 34, 213 P.2d 216, 219, in the following language:

"We are committed to the doctrine that statutes should be construed in the most beneficial way of which their language is susceptible to prevent absurdity, hardships or injustice, to favor public convenience, and to oppose all prejudice to public interests, and although imperfect in form, they should be sustained by the courts if they can be construed to give them sensible effect. Cox v. City of Albuquerque, 53 N.M. 334, 207 P.2d 1017; State v. Southern Pacific Co., 34 N.M. 306, 281 P. 29; and Elkins v. Lallier, 38 N.M. 316, 32 P.2d 759."

██ In the next section (§ 64–25–9) the statute plainly provides that by what is authorized in the preceding section it is not intended to create any rights of action against the "state or any of its institutions, agencies or political subdivisions." This is exactly the situation that would have prevailed if no such statement had been included, it being the law in this state that until the legislature specifically authorizes the waiver or removal of sovereign immunity the fact that insurance is provided does not give rise to a different rule. In Livingston v. Regents of New Mexico College of Agriculture & Mechanic Arts, supra [64 N.M. 306, 328 P.2d 81], the statute under consideration here was quoted, and the court took particular note of the provision prohibiting suit against the "state or any of its institutions, agencies, or politi-

cal subdivisions." In that case the court also noted the similarity between the situation there present and that passed upon in Hathaway v. New Mexico State Police, 57 N.M. 747, 263 P.2d 690, and other cases following it, where it is held that our workmen's compensation law did not cover state employees, the legislature having failed to clearly express an intention that it should apply.

██ Thus we come unerringly to the conclusion that the law as adopted was intended under the conditions set forth therein to authorize insurance by municipal corporations but was not intended to open the doors to suits against them, at least where they were not otherwise subject thereto. It provides that suit may proceed against the operator of the vehicle, and the insurance company shall not plead "immunity from tort liability" under certain conditions.

██ Accordingly, the district court ruled correctly, unless appellants' second point relied on for reversal is good, i. e., that the act is unconstitutional because the title thereto does not meet the requirements of Art. IV, Sec. 16, of the New Mexico Constitution which requires that, "The subject of every bill shall be clearly expressed in its title * * *"

The argument under this point is simply that since the title to the act refers only to

insurance on "Cars Owned and Operated by the State of New Mexico," cities are not included therein and accordingly the subject of the Chapter 192, N.M.S.L.1941, is not "clearly expressed in its title" as required by Art. IV, Sec. 16, N.M.Const.

Accordingly, the question which we must answer is whether use in the title of the term "state" when the act covers "political subdivisions" thereof results in a failure to clearly express the subject of the legislation in the title.

Crosthwait v. White, 55 N.M. 71, 226 P.2d 477, and State v. Aragon, 55 N.M. 423, 234 P.2d 358, would appear to be our last pronouncements on the subject. In both of these decisions note was taken of the earlier holdings of this court in State v. Ingalls, 18 N.M. 211, 135 P. 1177, and State v. Gomez, 34 N.M. 250, 280 P. 251, particularly where the true test is quoted from State v. Ingalls, supra, to be [18 N.M. 211, 135 P. 1178]:

" * * * Does the title fairly give such reasonable notice of the subject-matter of the statute itself as to prevent the mischief intended to be guarded against? If so, the act should be sustained. The reason of the rule not applying to such cases, the rule itself does not apply."

In the same case Cooley's Constitutional Limitations (7th Ed.) § 205 is quoted concerning the mischief intended to be guarded against, as follows:

"First, to prevent hodgepodge or 'log-rolling' legislation; second, to prevent surprise or fraud upon the legislature by means of provisions in bills of which the titles give no intimation, and which might therefore be overlooked and carelessly and unintentionally adopted; and, third, to fairly apprise the people of the subjects of legislation, in order that they may have opportunity of being heard thereon."

Applying the test to the facts in the instant case we have no difficulty in concluding that the act under consideration is not a hodgepodge nor is it what is commonly described as "log-rolling" legislation; we do not see how inclusion of political subdivisions of the state as within the broader term "state" could have worked surprise or fraud upon the legislature; and, likewise, we think the public could not have failed to take notice that the components that make up the state were included in the term "state." It is our view that the same reasoning that led us to our holding that municipalities are within the term "political subdivision" requires the conclusion that "political subdivision" is within the term "state," Sitton v. Burnett, supra; State v. Corker, supra; City of Norwalk v. Daniele, supra, and that the title is sufficient to meet the attack on its constitutionality made against it. This result is in harmony with our previous decisions cited above.

For the reasons stated the judgment of the lower court is affirmed and it is so ordered.

COMPTON, C. J., and CARMODY and CHAVEZ, JJ., concur.

NOBLE, J., not participating.