457 P.2d 382

Rita CHAVEZ, formerly Rita Garcia, by her next friend and father, J. A. Garcia and J. A. Garcia, for himself, Plaintiffs-Appellants,

v.

MOUNTAINAIR SCHOOL BOARD, Defendant-Appellee.

No. 274.

Court of Appeals of New Mexico.

July 3, 1969.

Sterling F. Black, Los Alamos, for appellants.

Denis Cowper, Chavez & Cowper, Belen, for appellee.

## OPINION

WOOD, Judge.

Proceeding under §§ 5–6–18 to 5–6–22, N.M.S.A. 1953 (Repl.Vol. 2), plaintiffs sued the School Board (Mountainair School Board) contending Rita suffered injuries when a "door closer" came loose from the wall of the gymnasium and struck Rita in the head. Defendant moved for summary judgment on the basis that its liability insurance did not cover plaintiffs' claim. Compare Baca v. Board of County Commissioners, 76 N.M. 88, 412 P.2d 389 (1966); Clark v. Ruidoso-Hondo Valley Hospital, 72 N.M. 9, 380 P.2d 168 (1963). The trial court granted summary judgment and plaintiffs appeal. We are concerned with the applicability of §§ 5–6–18 to 5–6–22, supra, to plaintiffs' claim. In addition, there is an issue as to the disposition of this appeal.

*Applicability of the statutes.*

United States Fidelity and Guaranty Company issued a policy insuring the School Board against liability of the type asserted by the plaintiffs. See § 5–6–19, supra.

In an independent proceeding, the School Board sought a declaration of its rights under the liability policy insofar as that policy was applicable to plaintiffs' claim. Compare Western Farm Bureau Mutual Ins. Co. v. Barela, 79 N.M. 149, 441 P.2d 47 (1968). The insurance company and the plaintiffs in this cause were defendants in that action. The judgment declared that the insurance company was neither obligated to defend nor obligated to indemnify the School Board in connection with plaintiff's claim. This declaratory judgment has been appealed; it is No. 8795 on the docket of the Supreme Court. This appeal is not yet at issue in the Supreme Court.

Section 5–6–20, supra, states in part:

"* * * no judgment shall run against the * * * school district, * * * unless there be liability insurance to cover the amount and cost of such judgment."

The summary judgment in this case is based on the declaratory judgment and the above quoted provision in § 5–6–20, supra.

Plaintiffs assert: (1) there was insurance coverage when the accident happened, (2) the decision that the policy did not cover Rita's accident is based on the failure of the School Board's employees to inform the insurer of the accident and (3) the Legislature, by § 5–6–18, supra, expressly stated its purpose was to provide a means for the recovery of damages in situations of the type alleged in the complaint. On the basis of these assertions, plaintiffs contend: (1) that the Legislature has waived the School Board's immunity to suit where it has obtained insurance and this legislative waiver should not be negated by employees of the School Board, (2) that the rule of liberal construction should be applied, see City of Albuquerque v. Campbell, 68 N.M. 75, 358 P.2d 698 (1960), and when so applied the question of insurance coverage is to be determined as of the time the claim arises. Under this view,

plaintiffs could obtain a judgment against the School Board if it had insurance in effect when the accident happened even though there was no coverage in effect to pay a judgment.

Although these contentions have some appeal, they may not be given effect because of the express provisions of § 5–6–20, supra. No judgment is to be entered against the School Board if there is no liability insurance to cover the judgment. See Baca v. Board of County Commissioners; supra.

Plaintiffs contend that, apart from statutory provisions, the purchase of the insurance policy by the School Board should be construed as a waiver of immunity. This contention was answered in Clark v. Ruidoso-Hondo Valley Hospital, supra, where it was held that without specific authorization by the Legislature, the existence of insurance does not constitute a waiver of immunity from suit.

*Disposition of the appeal.*

In basing its summary judgment in this case on the declaratory judgment in the independent proceeding, the trial court gave effect to a decision that is pending on appeal. This it could do because there is no showing that the declaratory judgment had been superseded or stayed. The judgment was in effect and could be enforced. See §§ 21–2–1(9) (1) and 21–1–1(62) (d), N.M.S.A.1953; Gregg v. Gardner, 73 N. M. 347, 388 P.2d 68 (1963). Accordingly, we do not consider whether, because it had been appealed, the declaratory judgment was res judicata in this case. See Annot., 9 A.L.R.2d 984 (1950); 2 Freeman, Law of Judgments § 722 (5th ed. 1925); compare State ex rel. Chavez v. Evans, 79 N. M. 578, 446 P.2d 445 (1968), Annot., 71 A. L.R.2d 593, § 6, p. 599 (1960).

Since the trial court properly gave effect to the declaratory judgment, the summary judgment, on the record before us, is correct and should be affirmed.

If an affirmance is entered at this time, the claim for Rita's asserted injuries would be disposed of on the basis that there is no insurance coverage; further, this disposition would be on the basis of an issue pending on appeal. Counsel have pointed out that such a disposition would result from the fortuity that the appeal in this case is decided prior to the appeal in the Supreme Court case.

At oral argument, counsel for both parties asked this court to delay decision herein until the Supreme Court has decided whether the declaratory judgment should be affirmed. They urge that an action expressly authorized by the Legislature (if there is insurance coverage) should not be foreclosed until the question of coverage is decided.

Section 21–2–2, N.M.S.A.1953 (Supp. 1967) makes the Supreme Court rules applicable to the Court of Appeals insofar as they are pertinent. Rule 17(6) is pertinent. It provides that issuance of mandate may be delayed on "* * * good cause shown therefor." Section 21–2–1(17) (6), N.M.S.A.1953.

In our opinion there is good cause for delaying issuance of mandate in this appeal. The legislative purpose was "* * * to provide a means for recovery of damages * * *" for the negligence of the School Board. Section 5–6–18, supra. Such a recovery is not permissible without insurance coverage. Whether there is coverage is a preliminary question which should be decided before plaintiffs' claim is foreclosed. See Baca v. Board of County Commissioners, supra. We are influenced in holding there is good cause by the fact that the School Board has joined in the request for delay.

Mandate in this cause will be delayed until thirty days after issuance of mandate in the Supreme Court case. Between the decision and issuance of mandate in the Supreme Court case, plaintiffs may bring to our attention, by motion, such matters as they deem appropriate.

It is so ordered.

OMAN and HENDLEY, JJ., concur.