461 P.2d 410

**MOUNTAINAIR MUNICIPAL SCHOOLS,**
Plaintiff-Appellee,

v.

**UNITED STATES FIDELITY AND GUAR-
ANTY COMPANY, Defendant-Appellee,**

Rita Garcia and J. A. Garcia, Defendants-
Appellants.

**No. 8795.**

Supreme Court of New Mexico.

Nov. 24, 1969.

Sterling F. Black, Los Alamos, for appellants.

Chavez & Cowper, Belen, for plaintiff-appellee.

Keleher & McLeod, Russell Moore, Ranne B. Miller, Albuquerque, for defendant-appellee.

## OPINION

DEE C. BLYTHE, District Judge.

A declaratory judgment was sought in Torrance County District Court by Mountainair Municipal Schools against its insurer, United States Fidelity and Guaranty Company, and against two claimants, Rita

Garcia (now Chavez) and her father, J. A. Garcia, to determine whether the insurer was obligated to defend and pay any judgment secured against the schools in a personal injury action brought by the claimants against the school board in Guadalupe County. From a judgment absolving the insurer from both obligations, the Garcias appeal.

Rita Garcia, then 16-years old, was injured in the Mountainair school gymnasium on February 20, 1965, when a door-closing mechanism became detached in an unexplained manner and fell on her head. She was taken to a local hospital, where her injuries were treated in the emergency room. The superintendent of schools, Ira Castor, upon being informed of the accident by a police officer, went to the hospital, where he saw Rita through the emergency room door, and talked to Rita's father and the attending physician. Convinced that the girl's injuries were not serious and that no claim would be made, and further being of the opinion that the school's several insurance policies afforded no coverage for such an injury, Mr. Castor filed no written report of the accident, as required by the policy here involved. There is a conflict of testimony as to whether oral notice of a sort was given to the insurer's local agent, Mr. Fulfer. Actual notice was not received by the insurer until about October 3, 1966, when the claimants' attorney, while negotiating settlement of a different matter, mentioned this claim to the insurer's claim agent. By letter dated October 19, 1966, the insurer informed J. T. Williams, who had succeeded Mr. Castor as superintendent of schools in April, of 1966, that the insurer would investigate the matter, but reserved all rights under the policy. On April 18, 1967, the claimants filed suit in Guadalupe County against the Mountainair School Board, seeking damages aggregating $246,500. The trial court granted summary judgment in favor of the school board and the Court of Appeals affirmed, Chavez v. Mountainair School Board, 80 N.M. 450, 457 P.2d 382 (1969), but stayed its mandate pending the outcome of this appeal. In the present case, the Torrance County District Court, by a declaratory judgment, absolved the insurer from any obligation to defend or pay any judgment secured against the school board by the claimants (appellants herein).

Although a number of evidentiary points are raised, the central question is whether the failure of the insured to give notice of the accident "as soon as practicable" was excusable under the facts of this case. We hold it was not.

Appellants first complain that the trial court erred in refusing to find that the agent of the insurer had actual notice of the accident. A requested finding to this effect was submitted by appellants, but the court found:

"* * * That the insured failed to give notice of said accident in writing, or otherwise, to the defendant, United States Fidelity and Guaranty Company or its agent Fulfer."

Appellants rely on the testimony of Mr. Castor, that he thought he had discussed the accident casually with Mr. or Mrs. Fulfer a few days after it occurred, but his memory was admittedly hazy. The Fulfers denied that it happened, and this is substantial evidence to support the court's finding.

It is further contended that the insurer waived its rights to notice under the policy by entering into negotiations with counsel for claimant, which culminated in an offer of settlement by claimant. With this we cannot agree, as the insurer's letter of October 19, 1966, referred to above, specifically reserved all rights in undertaking an investigation. Although appellants' attorney did testify that he entered into settlement negotiations with the insurer, it appears that they were rather unilateral. In any event, the right to "make such negotiation, investigation and settlement of any claim or suit as it deem expedient" is reserved in the policy, and there is nothing in this case that

would transform settlement negotiations into a waiver of notice.

■ Appellants also argue that by permitting this action to be brought against it the insurer has waived notice, in view of a provision of the policy that:

"No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company."

This defense was not raised in the instant action, but we do not agree that by waiving such a defense the insurer may be said to have waived notice of the accident.

■ Appellants rely heavily on Watson v. Western Casualty & Surety Co., 72 N. M. 250, 382 P.2d 723 (1963), in support of their argument that Mr. Castor, the school superintendent, was justified in his failure to give the insurer formal written notice because of his belief that the injuries were trivial and no liability would flow. In the Watson case, supra, the notice clause of the policy was identical to the one before us now, requiring notice "as soon as practicable," and this court agreed with those courts holding that the insured need not report accidents, which an ordinarily prudent individual acting reasonably would consider inconsequential, and for which such a person so acting would believe no claim for damages would be made. But Watson, supra, was a substantial evidence case, the trial court having found that the insured was justified under the above test in believing the injury to be trivial. Here we have the converse, for the trial court held:

"That the accident and injuries to Rita Garcia were of such a nature that Ira Castor, as Agent of the plaintiff, should have reported the accident to United States Fidelity and Guaranty in accordance with the applicable provision of the policy and had no right to rely upon his own judgment as to the nature of the injuries or the liability of the plaintiff for said accident."

In view of the facts already stated, we cannot do otherwise than to hold that the trial court's finding was supported by substantial evidence.

■ Appellants next cite as error the fact that the trial court refused to conclude as a matter of law that the ignorance of the school superintendent of the existence of the liability policy excused his failure to give timely written notice of the accident. Does the insured's ignorance of the existence of insurance coverage excuse his failure to report an accident, or is a "due diligence" test to be applied? There is authority for both views. Annot., 76 A.L.R. 23, 117; 123 A.L.R. 950, 969; 18 A.L.R.2d 443, 478, "Liability insurance: clause with respect to notice of accident, claim, etc., or with respect to forwarding suit papers." However, we believe the better rule to be that due diligence is required of the insured in this situation. Our holding in this regard is in line with § 58–2–14, N.M.S.A., 1953 Comp., 1969 Pocket Supp., which establishes a central registry of government–purchased insurance within the department of insurance. Under that statute it is the duty of the central registry to:

"* * * [S]olicit, receive, index, analyze, file, maintain and furnish information pertaining to all insurance policies purchased, and in force, by all state agencies, institutions, departments and boards, and all school districts and counties in the state. * * *"

Subsection "B" of the above statute requires government agencies, including school districts, to furnish the department of insurance with information regarding insurance purchased by them, and to continue to supply the department with information regarding any change in the original information supplied.

■ Appellants further contend that the court erred in concluding that the insurer

was prejudiced, and that lack of prejudice renders any delay in receipt of formal notice excusable. Appellee contends, on the other hand, that a showing of prejudice is not necessary and, if prejudice is an issue, the burden is on appellants to show lack of prejudice.

We have no cases precisely in point, but the answer is implicit in Zengerle v. Commonwealth Insurance Co. of N. Y., 63 N.M. 454, 321 P.2d 636 (1958). There we pointed out that the provisions for notice and proof of loss are to enable the insurer "to take such action as might be necessary to protect his interests;" that they may be waived by conduct of the insurer; but that the burden of proof of waiver is on the insured. No such waiver was found in that case, where the insurer learned by chance about the fire a few days after it occurred and made a precautionary investigation. The insured did not notify the insurer or file proof of loss until 120 days after the occurrence, even though the statutory form of policy required immediate notice of the fire and proof of loss within 60 days. This court found these requirements to be conditions precedent to the insurer's liability.

Here we have a clause in the policy to the same effect, making the insured's compliance with all the terms of the policy a condition precedent to any action against the insurer. Following the logic of Zengarle, supra, we hold that failure to give notice of the accident, as required by the policy, is presumptively prejudicial to the insurer, but that this presumption is rebuttable. See Annot., 18 A.L.R.2d 443, 483, and Later Case Service, where the authorities are collected. The reason for this presumption is stated as follows in Purefoy v. Pacific Auto. Indem. Exch., 5 Cal. 2d 81, 53 P.2d 155, 159 (1935):

"* * * But respondent argues with convincing force herein that the lapse of time which removes the opportunity for prompt investigation, also destroys the possibility of showing prejudice arising from delayed inquiry. Where witnesses are interviewed after lapse of time, during which they either may have forgotten the facts, or been approached solely by representatives of the injured party, it virtually becomes impossible to learn what facts, favorable to defendant, could have been ascertained through prompt inquiry. We are impelled to the conclusion that prejudice must be presumed in such situations."

The instant case is a good illustration of the failure of memories due to lapse of time. The testimony of Mr. Castor, occupying some 16 pages of the transcript, contains 17 answers of "I do not recall," with slight variations, together with an equal number of other answers indicating a lack of knowledge or poor memory.

What we have here said makes it unnecessary to discuss other points raised by this appeal. Having found no error, we affirm the declaratory judgment of the trial court.

It is so ordered.

COMPTON and TACKETT, JJ., concur.