487 P.2d 174

Theresa SAIZ, a Minor, by Her Mother and Next Friend, Emma Saiz Waite, and Emma Saiz Waite, Individually, Plaintiffs-Appellants,

v.

CITY OF ALBUQUERQUE and Frederick Ford, Defendants-Appellees.

No. 603.

Court of Appeals of New Mexico.

June 25, 1971.

Richard A. Bachand, Smith, Ransom & Deaton, Albuquerque, for plaintiffs-appellants.

William S. Dixon, James C. Ritchie, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for defendants-appellees.

## OPINION

HENDLEY, Judge.

Theresa Saiz, a minor, was injured when an automobile, driven by an Albuquerque policeman, collided with the automobile in which she was riding. The Mother, as next friend, brought suit against the city and the policeman. On a motion for summary judgment the trial court dismissed the suit as to the City of Albuquerque on the ground that § 64–25–9, N.M.S.A. 1953 (Repl. Vol. 1960, pt. 2) precludes suits against a municipality for alleged vehicular negligence.

We affirm.

At oral argument the constitutionality of § 64–25–9, supra, was raised for the first time. We are of the opinion that the constitutionality of § 64–25–9, supra, may not be properly considered by us since it was neither raised in the court below nor does it come within one of the three recognized exceptions to the rule for preservation of issues for review. Des-Georges v. Grainger, 76 N.M. 52, 412 P.2d 6 (1966); Candelaria v. Gutierrez, 30 N.M. 195, 230 P. 436 (1924). The existence of a constitutional question does not automatically constitute an exception. Reger v. Preston, 77 N.M. 196, 420 P.2d 779 (1966); In re Reilly's Estate, 63 N.M. 352, 319 P.2d 1069 (1957); State v. Austin, 80 N.M. 748, 461 P.2d 230 (Ct.App.1969); see Head v. New Mexico Board of Examiners in Optometry, 374 U.S. 424, 83 S.Ct. 1759, 10 L. Ed.2d 983 (1963).

Our opinion considers the relationship of § 64–25–9, supra, with §§ 5–6–18 through 5–6–22, N.M.S.A. 1953 (Repl.1966). Section 64–25–9, supra, states:

"*Actions for injuries by state vehicles against operator—Provisions of policy—Waiver of governmental immunity—Release of claim in excess of policy limit.* —No action shall be brought or entertained in any court of this state against the state or any of its institutions, agencies or political subdivisions for injury or damage caused by the operation of such vehicles, but the action for any such injury or damage shall be brought against the person operating such vehicle at the time of the injury or damage. Every policy of insurance upon such vehicles shall contain a provision that the defense of immunity from tort liability because the insured is a governmental agency or an employee of a governmental agency, or because the accident arose out of the performance of a governmental function, shall not be raised against any claim covered by such policy. Provided the claimant, or plaintiff in the event suit is instituted, shall file with the insured and the company issuing such policy of insurance a release in writing of any amount of such claim in excess of the limit stated in the policy, and a further statement that any such release shall not be construed as an admission of liability, nor may it be offered in evidence for any purpose, and that no attempt may be made in the trial of any case to suggest the existence of any insurance which covers in whole or in part

any judgment or award· in favor of the claimant."

▮ Because the constitutionality of § 64–25–9, supra, is not before us for determination, in our discussion we indulge in the usual presumption that legislative acts are legal and valid, and assume that that provision is constitutional. Gallegos v. Wallace, 74 N.M. 760, 398 P.2d 982 (1964); State ex rel. City of Albuquerque v. Lavender, 69 N.M. 220, 365 P.2d 652 (1961).

▮ For purposes of our discussion we also assume the existence of liability insurance coverage for this accident. If there was no coverage there could be no suit against a political subdivision of the State. Montoya v. City of Albuquerque, 82 N.M. 90, 476 P.2d 60 (1970); Chavez v. Mountainair School Board, 80 N.M. 450, 457 P. 2d 382 (Ct.App.1969). With the assumption that there was liability coverage, the issue of this case is whether the City of Albuquerque may be joined as a party with the policeman.

We think not.

▮ It is plaintiffs' position on appeal that in enacting §§ 5–6–18 through 5–6–22, supra, the Legislature abolished the common law defense of sovereign immunity against the action they brought. Plaintiffs recognize that City of Albuquerque v. Campbell, 68 N.M. 75, 358 P.2d 698 (1960) construed § 64–25–9, supra, to mean that the existence of insurance coverage does not automatically waive the defense of sovereign immunity. Nevertheless, they rely on the doctrine of revocation by implication. Their position is that the enactment of §§ 5–6–18 through 5–6–22 in 1959 destroyed the special treatment for vehicular negligence and combined all action against the state or political subdivisions in the broad and all-comprehensive language of the new sections.

▮ We do not agree. Repeals by implication are not favored and are not resorted to unless necessary to give effect to an obvious legislative intent. Buresh v. City of Las Cruces, 81 N.M. 89, 463 P.2d

513 (1969); State v. Lujan, 76 N.M. 111, 412 P.2d 405 (1966). At issue is the effect of those provisions which deal with general liability of the State and its subdivisions, and the one provision which deals solely with vehicular liability. We are committed to the rule of statutory interpretation that a general act later enacted does not affect an earlier special act. State v. Blevins, 40 N.M. 367, 60 P.2d 208 (1936). In these situations the specific provision is considered an exception to the general act. State v. Lujan, supra.

Another approach taken by plaintiffs is that § 64–25–9, supra, was only a restatement of the Common Law at the time § 64–25–8, N.M.S.A. 1953 (Repl.Vol.1960, pt. 2) was enacted to emphasize that by permitting the purchase of insurance coverage the Legislature did not intend to abolish the common law defense of sovereign immunity. And so, according to plaintiffs, when §§ 5–6–18 through 5–6–22, supra, were enacted the common law defense of sovereign immunity, along with its restatement § 64–25–9, supra, was repealed to the extent that there is liability coverage.

Conceding arguendo that in fact § 64–25–9, supra, is a mere restatement of the common law, this· statute specifically states that "no action is to be brought against the political subdivision of the State." This includes municipalities. City of Albuquerque v. Campbell, supra. Since § 64–25–9, supra, has specific provisions concerning suing the municipality and since § 5–6–18 through 5–6–22, supra, are general provisions concerning such suits, the specific statute was not repealed, but applies to later enacted acts.

▮▮ Plaintiffs query "why should the state and its municipalities be immune from suit in only actions involving negligence arising from the operation of motor vehicles." Our answer is that there is nothing unreasonable per se in such classification and the Legislature is vested with wide range discretion in selecting and classifying. Romero v. Tilton, 78 N.M. 696, 437 P.2d 157 (Ct.App.1967).

Plaintiffs have cited several cases and urged other positions about the interpretations of §§ 5–6–18 through 5–6–22, supra.

We need not consider these, for, as we have discussed above, those sections are general provisions which do not cover the fact situation before us.

Affirmed.

It is so ordered.

WOOD, J., concurs.

SUTIN, Judge (dissenting).

I respectfully dissent.

The City of Albuquerque relied upon §§ 64–25–8 and 9, N.M.S.A. 1953 (Repl. Vol. 9, pt. 2) to dismiss plaintiffs' complaint because the City was immune from suit. On this basis, the trial court dismissed the complaint against the City with prejudice.

Section 64–25–9 is unconstitutional. The title of the Act, Laws 1941, ch. 192, reads as follows:

*An Act Authorizing the State Board of Finance to Direct the Purchase of Public Liability and Property Damage Insurance Upon All Cars Owned and Operated by the State of New Mexico*

The title only authorized the purchase of insurance upon all cars owned and operated by the state of New Mexico.

Section 64–25–9 leaves the title of the Act by the wayside. It moves into areas of litigation, immunity, release of excess claims, and evidence.

It does not require citation of extensive authority that under Article IV, Section 16 of the New Mexico Constitution, any subject matter not expressed in the title of the Act is void. Gallegos v. Wallace, 74 N.M. 760, 398 P.2d 982 (1964).

City of Albuquerque v. Campbell, 68 N. M. 75, 358 P.2d 698 (1960), held the statute constitutional, limited to the attack made on it. It held the title of the Act, referring to "All cars owned and operated by the State of New Mexico," was broad enough to include "political subdivisions," which in turn includes municipal corporations. See State ex rel. State Highway Comm. of New Mexico v. Town of Grants, 69 N.M. 145, 364 P.2d 853 (1961), which states that the question of immunity was not raised in *Campbell*.

The only issue is whether the constitutionality of § 64–25–9 can be raised for the first time on appeal. The issue was raised from the bench during oral argument. Thereafter, supplemental briefs were filed by both parties.

The only pertinent pleadings in the record are the complaint, defendants' motion to dismiss, and judgment of dismissal on the basis of § 64–25–9.

Courts of review are dedicated to the protection of the constitution and devoted to the principle that "Justice, Justice shalt thou pursue." This court has the inherent power to prevent fundamental injustice. Gonzales v. Rivera, 37 N.M. 562, 25 P.2d 802 (1933). The Supreme Court has often chosen to decide cases on theories not followed by the trial courts. "The proper function of this court is to correct an erroneous result rather than to approve or disapprove the grounds upon which it is based." State Highway Com'n v. Ruidoso Telephone Co., 73 N.M. 487, 389 P.2d 606 (1963).

There is a consistent rule that "a trial court will not be reversed if the result be correct, even though the result may have been based upon a wrong reason." Rein v. Dvoracek, 79 N.M. 410, 444 P.2d 595 (Ct. App.1968). On the other hand, we may reverse the trial court if the result of a motion to dismiss is incorrect based upon a wrong reason. Pankey v. Hot Springs National Bank, 44 N.M. 59, 97 P.2d 391 (1939).

Since Law is Justice, we have a duty to determine the constitutionality of § 64–25–9.

Furthermore, questions of constitutionality of an act creating a *crime* may be raised for the first time on appeal. The reason is that " * * * If the law is void, no crime has been committed and none can be committed under it, and the court has no jurisdiction over the person of the defendant or the subject-matter of

**750**

the cause." State v. Diamond, 27 N.M. 477, 488, 202 P. 988, 993, 20 A.L.R. 1527 (1921).

The same rule should apply to the defense in this civil case. If § 64–25–9 is void, it is no defense to the plaintiffs' complaint. The district court lacked jurisdiction under a void statute to dismiss plaintiffs' complaint.

There are three exceptions to the rule which allow this court to determine questions of law for the first time on appeal: (1) when jurisdictional questions are involved; (2) when questions are presented of a general public nature affecting the interest of the state at large, and (3) when it is necessary to protect the fundamental rights of the party. DesGeorges v. Grainger, 76 N.M. 52, 412 P.2d 6 (1966).

A review of New Mexico decisions cited in *DesGeorges*, and other citations, will establish that each of these questions are involved here. Exceptions (2) and (3) were added by the Supreme Court in the interest of justice. Mitchell v. Allison, 54 N.M. 56, 213 P.2d 231 (1949). Although plaintiffs come within the three exceptions, a fourth exception should be added.

During *trial*, there are good reasons for not reviewing matters not passed upon. Fullen v. Fullen, 21 N.M. 212, 153 P. 294 (1915). In the absence of trial, no good or substantial reason has been given for refusing to decide statutory constitutional questions first raised on appeal from a judgment of dismissal based upon a motion.

This situation should constitute a fourth exception to the rule.

Should an aggrieved party suffer the pain of defeat in the motion stage of procedure before trial because a statutory constitutional question was not presented by plaintiffs in some manner in the trial court? This is a manifest sense of injustice.

State ex rel. Burg v. City of Albuquerque, 31 N.M. 576, 249 P. 242 (1926), says:

Constitutional questions, *not raised in the regular and orderly procedure in the trial*, are ordinarily rejected * * *, unless the jurisdiction of the court below or that of the appellate court is involved, in which case it may be raised at any time or *on court's own motion*. [Emphasis added].

This rule was followed in some succeeding cases. Miera v. State, 46 N.M. 369, 129 P.2d 334 (1942).

I feel compelled to call this matter to the attention of the public so that lawyers will raise the issue of constitutionality. If the statute is declared unconstitutional, citizens will find relief under §§ 5–6–18 to 5–6–22, N.M.S.A. 1953 (Repl. Vol. 2). These statutes were enacted by the legislature an 1959 to allow suits for negligence against the sovereign and public agencies of the state where liability insurance is carried. The defense of sovereign immunity is not available to the extent of insurance coverage. Montoya v. City of Albuquerque, 82 N.M. 90, 476 P.2d 60 (1970). The judgment of the trial court should be reversed.

For the above reasons, I dissent.